**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEPHEN SCHMID,

               Plaintiff-Appellant,

v.

SONOMA CLEAN POWER,
a public agency,

               Defendant-Appellee.

No. 14-17288

D.C. No. 4:14-cv-02949-JSW

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted January 11, 2017
San Francisco, California

Before: CLIFTON and M. SMITH, Circuit Judges, and ERICKSON,** District
Judge.

     Stephen Schmid appeals the district court's order dismissing without leave

to amend his complaint brought pursuant to 42 U.S.C. § 1983 challenging the

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The Honorable Ralph R. Erickson, United States District Judge for the
District of North Dakota, sitting by designation.

procedure used by Sonoma Clean Power Authority for automatically enrolling electricity customers. We affirm.

Schmid's First Amendment claims for compelled contribution to speech and compelled association or disassociation fail because he has not been compelled to do anything. When SCPA became a second electricity seller in Sonoma County to supplement the monopoly previously held by Pacific Gas & Electric, the default policy was to enroll consumers in SCPA's service instead of PG&E's service. *See* Cal. Pub. Util. Code § 366.2(c)(2). SCPA's customers are permitted to switch to PG&E's service at any time by calling a toll-free telephone number or by visiting a website, although they may be charged an administrative fee if they switch after having been enrolled in SCPA's service for more than sixty days. Cal. Pub. Util. Code § 366.2(c)(13). Customers were informed of their choices twice in the two months preceding and twice in the two months following the automatic enrollment. Cal. Pub. Util. Code § 366.2(c)(15)(A).

Unlike the labor union political contribution arrangement the Supreme Court disapproved in *Knox v. Service Employees International Union*, 132 S. Ct. 2277, 2296 (2012), SCPA's enrollment system does not require Schmid to opt out multiple times in a single year to avoid paying for SCPA's services. He need not even opt out on an annual basis. *Cf. id.* at 2296 n.9. Rather, if he opts out once, he

2

will be enrolled in PG&E's service, and he will remain enrolled in that service, even if he moves elsewhere in Sonoma County. Cal. Pub. Util. Code § 366.2(c)(2). Accordingly, Schmid has not been compelled to give any money to SCPA, and he has therefore not been compelled to subsidize SCPA's speech. For the same reason, he has not been compelled to associate with SCPA or disassociate from PG&E. *Cf. Morrow v. State Bar of California*, 188 F.3d 1174, 1177 (9th Cir. 1999).

Schmid's Fourteenth Amendment economic substantive due process claim also fails. "[T]he venerable maxim *de minimis non curat lex*" instructs that "the law cares not for trifles." *Wis. Dep't of Revenue v. William Wrigley, Jr., Co.*, 505 U.S. 214, 231 (1992). Even if the automatic enrollment provision were a real deprivation of Schmid's liberty interest in contracting with PG&E, the provision "must only pass rational basis review: the statute must be based on 'a legitimate legislative purpose furthered by rational means.'" *Campanelli v. Allstate Life Ins. Co.*, 322 F.3d 1086, 1100 (9th Cir. 2003) (quoting *Gen. Motors Corp. v. Romein*, 503 U.S. 181, 191 (1992)). The government's goals in establishing the framework within which SCPA operates—reducing greenhouse gas emissions, providing electricity at a competitive cost, reducing energy consumption, and promoting rate stability, energy security, and energy reliability through local control—are

legitimate legislative purposes. *See Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist.*, 644 F.3d 934, 943 (9th Cir. 2011); *Mountain Water Co. v. Mont. Dep't of Pub. Serv. Regulation*, 919 F.2d 593, 598 (9th Cir. 1990). For SCPA to accomplish its purposes, customers must purchase their electricity from SCPA. Automatically enrolling customers in SCPA is a rational means to create an adequate customer base for SCPA and thereby advance the government's legitimate purposes. *See Campanelli*, 322 F.3d at 1100.

The district court did not abuse its discretion in denying leave to amend on the grounds that it would have been futile for Schmid to amend his compliant. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

**AFFIRMED.**