**Vito CAMPANELLI; et al., Plaintiffs,**

**v.**

**ALLSTATE INSURANCE COMPANY; et al., Defendants.**

**No. CV 98–7185 RJK.**

United States District Court, C.D. California.

May 15, 2000.

---

Luce, Forward, Hamilton & Scripps by Peter Klee, Nathan S. Arrington, Angela Hansen, Seth Friedman, Jeffrey Commisso, San Diego, CA, for Allstate.

## ORDER GRANTING DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFFS GEORGE AND MARY LOU GIAKOUMAKIS

KELLEHER, District Judge.

Defendant Allstate Insurance Company ("Allstate") filed the instant motion for summary judgment against Plaintiffs George and Mary Lou Giakoumakis (together, the "Giakoumakises") on April 17, 2000. Because the parties adequately represent their positions in their moving and opposing papers, the Court waives oral argument. *See* C.D. Local R. 7.11. Having considered the parties' briefs and declarations, the Court now *grants* Allstate's motion for summary judgment.

### FACTUAL BACKGROUND

The following facts are not disputed. Plaintiffs George and Mary Lou Giakoumakis (together, the "Giakoumakises") are Allstate policyholders. They suffered property damage to their home in Woodland Hills, California as a result of the 1994 Northridge earthquake. The Giakoumakises reported a claim to Allstate on January 19, 1994.

Allstate resolved their claim under their homeowners' policy and closed the claims file by letter dated August 16, 1994. The Giakoumakises objected to Allstate's low settlement and challenged Allstate's inspection. Allstate conducted further inspections, and wrote two additional checks to the Giakoumakises on June 14 and July 21, 1995. In September 1995, the Giakoumakises complained further, but Allstate

responded that they had been compensated fully for their loss.

Allstate's June 14, 1995 letter informed the Giakoumakises that any further damage claims had to be filed within one year of the letter's date.

> Both your Allstate policy and California law provide you up to one year to present and pursue a claim under your policy for damages to your home and its contents. Within this one year period you must take reasonable steps to identify any damage your home or its contents may have suffered in the earthquake, and promptly report the damage to us.

Lodgment of Exhibits, Ex. 5 (April 17, 2000).

On September 2, 1998, the Giakoumakises, joined with 28 other plaintiffs, brought this suit against Allstate and Allstate's contractors alleging irregularities in the adjustment of claims following the earthquake. Plaintiffs allege that the engineers employed by Defendant Shadowbrook, an engineering company retained by Allstate to help with claims investigations, were unlicensed. In addition, some of the engineering reports from Shadowbrook were allegedly ghostwritten by Defendant Western States. As a result, Plaintiffs contend that they settled their claims for less than they were worth. Both Shadowbrook and Western States defaulted. Allstate is the sole remaining defendant.

> Plaintiffs specifically allege claims for:
>
> (1) RICO violations, 18 U.S.C. §§ 1961–1968;
>
> (2) Negligence;
>
> (3) Negligent Misrepresentation;
>
> (4) Intentional Misrepresentation;
>
> (5) Breach of the Covenant of Good Faith and Fair Dealing; and
>
> (6) Breach of Contract.

Allstate moves for summary judgment against the Giakoumakises only, arguing that their claims are time-barred under the Allstate policy and California law.

## STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). A fact is material only if it is relevant to a claim or defense and its existence might affect the suit's outcome. *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Assoc.,* 809 F.2d 626, 630 (9th Cir.1987). The court must view the facts and draw inferences in the manner most favorable to the non-moving party. *See Chaffin v. United States,* 176 F.3d 1208, 1213 (9th Cir.1999).

The moving party bears the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).[T]he burden on the moving party may be discharged by " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see Musick v. Burke,* 913 F.2d 1390, 1394 (9th Cir.1990). To demonstrate that the non-moving party has no evidence, the moving party must affirmatively show the absence of such evidence in the record, either by deposition testimony, the inadequacy of documentary evidence or by any other form of admissible evidence. *See Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. The moving party has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. *See id.* at 325, 106 S.Ct. 2548.

A non-moving party's allegation that factual disputes persist between the parties will not automatically defeat an otherwise properly supported motion for summary judgment. *See* Fed.R.Civ.P. 56(e) (non-moving party "may not rest upon the mere

allegations or denials of the adverse party's pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial."). "[A] mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" *Fazio v. City and County of San Francisco,* 125 F.3d 1328, 1331 (9th Cir. 1997), *quoting Anderson,* 477 U.S. at 249, 252, 106 S.Ct. 2505.

## DISCUSSION

This Court resolved a nearly identical motion for summary judgment earlier this year. *See Campanelli v. Allstate Ins. Co.,* 85 F.Supp.2d 980, 984 (C.D.Cal.2000) (Kelleher, J.). In that decision, the Court held—with respect to different plaintiffs, James and Pat House—that the claims against Allstate were time-barred. *See id.* at 984. The dates and times of the Houses' claims differ slightly from the Giakoumakises' claims, but the legal analysis and resulting conclusion is the same. Summary judgment is therefore appropriate.

■ The Court takes this opportunity to expand upon one issue resolved implicitly, though not explicitly, in its published order in the Houses' case. That order did not explain why the one-year time-bar contained in the Plaintiffs' policies, and in Cal.Ins.Code § 2071, applies to the Plaintiffs' RICO claim, when federal courts have interpreted RICO to contain a four-year statute of limitations. *See Agency Holding Corp. v. Malley–Duff & Assoc., Inc.,* 483 U.S. 143, 156, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987) (implying a four-year limitations period by analogy to the Clayton Act). The Supreme Court recently reaffirmed that RICO's limitations period is four years and clarified when that time period begins to run. *See Rotella v. Wood,* —— U.S. ——, —— – ——, 120 S.Ct. 1075, 1079–80, 145 L.Ed.2d 1047 (2000).

■ Despite RICO's inherent four-year limitations period, a one-year time bar applies to the RICO claim in this case. The contract of insurance between Allstate and the Giakoumakises specifically provides for a one-year time bar. Under California law, parties may contract for a specific limitation-on-claims period:

> California permits contracting parties to agree upon a shorter limitations period for bringing an action than that prescribed by statute, so long as the time allowed is reasonable. A contractual limitation period requiring a plaintiff to commence an action within 12 months following the event giving rise to a claim is a reasonable limitation which generally manifests no undue advantage and no unfairness.

*Han v. Mobil Oil Corp.,* 73 F.3d 872, 877 (9th Cir.1995) (internal citations to California cases omitted).

Since Allstate and the Giakoumakises contracted for a "reasonable" limitations period under California law, any claim arising under that policy would be measured against the one-year time bar. As this Court held in the Houses' case, all of the Plaintiffs' claims—including the RICO claim—arise out of their respective policies of insurance. *See Campanelli,* 85 F.Supp.2d at 984. Accordingly, the Court must apply the one-year time bar to the RICO claim.

Preemption doctrine does not require a contrary conclusion. The Court acknowledges that the contractual limitations period is essentially a creature of state law, since § 2071 requires the inclusion of a one-year limitations period in every California homeowners' policy. Viewed as a state law provision, rather than a contractual provision, the one-year time-bar could, in theory, be preempted by federal RICO's four-year limitations period. In actuality, however, the preemption argument works *against* the application of the four-year RICO limitations period.

 

■ Most federal laws that interfere with state regulation of insurance are superseded by operation of the federal McCarran–Ferguson Act. *See* 15 U.S.C. § 1012(b) ("No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance"). In effect, the McCarran–Ferguson Act provides for "reverse preemption," whereby state insurance laws trump inconsistent federal provisions.

■ The Supreme Court has considered McCarran–Ferguson reverse preemption in the RICO context:

> The McCarran–Ferguson Act [ ] precludes application of a federal statute in face of state law "enacted ... for the purpose of regulating the business of insurance," if the federal measure does not "specifically relat[e] to the business of insurance," and would "invalidate, impair, or supersede" the State's law. RICO is not a law that "specifically relates to the business of insurance." This case therefore turns on the question: Would RICO's application to the employee beneficiaries' claims at issue "invalidate, impair, or supersede" Nevada's laws regulating insurance?

*Humana, Inc. v. Forsyth,* 525 U.S. 299, 307, 119 S.Ct. 710, 142 L.Ed.2d 753 (1999) (internal cite omitted).

California law requires Allstate to provide a one-year claims limitation period in its insurance policies. Yet federal law establishes a four-year period for RICO claims. State and federal law cannot be reconciled on this point. In the face of this inconsistency, *Humana* suggests that state law prevails.

Applying the four-year RICO time-bar in the Giakoumakises' case would result in the "invalidation" and "impairment" of California's mandatory one-year limitations period for suing an insurer under an insurance policy. California law requires the one-year limit to be placed in every homeowners' policy sold in California. California courts regularly apply the bar to prevent stale claims against insurers. California thus has a strong policy preferring the application of the one-year limit, rather than the four-year RICO limit. Consequently, the one-year time-bar in § 2071 preempts the RICO four-year statute of limitations.

## DISPOSITION

The Court **grants** Allstate's motion for summary judgment against Plaintiffs George and Mary Lou Giakoumakis.

IT IS SO ORDERED.