Vito **CAMPANELLI**, et al., Plaintiffs,

v.

**ALLSTATE INSURANCE COMPANY, et al., Defendants.**

**No. CV 98–7185 RJK.**

United States District Court, C.D. California.

Oct. 17, 2000.

Norman J. Watkins, Ruth Segal, Stephen M. Harber, Los Angeles, CA, for plaintiffs.

Peter H. Klee, Angela J. Hansen, Nathan S. Arrington, William Grant Peterson,

Luce Forward Hamilton & Scripps, San Diego, CA, for defendant.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFFS WILLIAM AND TERRY NOAH

KELLEHER, District Judge.

On August 24, 2000, Defendant Allstate Insurance Company ("Allstate") filed a motion for summary judgment against Plaintiffs William and Terry Noah (collectively, "the Noahs"). The Noahs opposed the motion. The Court heard oral argument on October 16, 2000 and, having considered the papers, pleadings, and records on file herein, the Court *grants* Allstate's motion for summary judgment in its entirety.

### BACKGROUND FACTS

The following facts are not disputed. The Noahs are Allstate policyholders. They suffered property damage to their home as a result of the 1994 Northridge earthquake. The Noahs reported a claim to Allstate on January 13, 1995.

Allstate resolved their claim under their homeowners' policy and closed the claims file by letter dated August 21, 1996. In this letter, Allstate informed the Noahs that their insurance policy contained a one-year limitations provision that required them to bring any lawsuit within one year of the date of their loss.

On September 6, 1996, Allstate made an additional payment to the Noahs for the loss of kitchen facilities during the repairs to their home. Allstate again notified the Noahs that Allstate had concluded their claim and that their insurance policy contained a one-year limitations provision that required them to bring any lawsuit within one year of the date of their loss.[1]

On May 4, 1998, the Noahs joined 28 other plaintiffs (collectively, "Plaintiffs") in the instant suit against Allstate and Allstate's contractors alleging fraud in the adjustment of claims following the earthquake. Plaintiffs allege that the engineers employed by Defendant Shadowbrook, an engineering company retained by Allstate to help with claims investigations, were unlicensed. In addition, some of the engineering reports from Shadowbrook were allegedly ghostwritten by Defendant Western States. As a result, Plaintiffs contend that they settled their claims for less than they were worth. Both Shadowbrook and Western States defaulted. Allstate is the sole remaining defendant.

Plaintiffs specifically allege claims for:

(1) RICO violations, 18 U.S.C. §§ 1961–1968;

(2) Negligence;

(3) Negligent Misrepresentation;

(4) Intentional Misrepresentation;

(5) Breach of the Covenant of Good Faith and Fair Dealing; and

(6) Breach of Contract.

Allstate moves for summary judgment limited to the Noahs, arguing that their claims for relief are time-barred under the Allstate policy and California law.

### STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). A fact is material only if it is relevant to a claim or defense and its existence might affect the suit's outcome. *See T.W. Elec. Serv., Inc. v. Pacific Elec.*

---

1. Both the August 21, 1996 and September 6, 1996 letters state as follows:

    Both your Allstate policy and California law provide you up to one year to present and pursue a claim under your policy for damages to your home and its contents. Within this one year period you must take reasonable steps to identify any damage your home or its contents may have suffered in the earthquake, and promptly report the damage to us.

    Lodgment of Exhibits, Exhs. 7, 10.

*Contractors Assoc.,* 809 F.2d 626, 630 (9th Cir.1987). The court must view the facts and draw inferences in the manner most favorable to the non-moving party. *See Chaffin v. United States,* 176 F.3d 1208, 1213 (9th Cir.1999).

The moving party bears the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see Musick v. Burke,* 913 F.2d 1390, 1394 (9th Cir.1990). To demonstrate that the non-moving party has no evidence, the moving party must affirmatively show the absence of such evidence in the record, either by deposition testimony, the inadequacy of documentary evidence or by any other form of admissible evidence. *See Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. The moving party has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. *See id.* at 325, 106 S.Ct. 2548.

A non-moving party's allegation that factual disputes persist between the parties will not automatically defeat an otherwise properly supported motion for summary judgment. *See* Fed.R.Civ.P. 56(e) (non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial."). "[A] mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" *Fazio v. City and County of San Francisco,* 125 F.3d 1328, 1331 (9th Cir. 1997), quoting *Anderson,* 477 U.S. at 249, 252, 106 S.Ct. 2505. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

## DISCUSSION

### A. The Noahs' Claims Are Barred By The Statute Of Limitations.

Under this Court's previous rulings in this case, the one-year limitations period contained in the Noahs' insurance polices as well as in California Insurance Code Section 2071 governs the Noahs' state as well as RICO claims. *See Campanelli v. Allstate Ins. Co.,* 85 F.Supp.2d 980, 984 (C.D.Cal.2000) (Kelleher, J.) ("[t]he [Plaintiffs'] lawsuit for bad faith, tortious conduct, and breach of contract emanates from the policy itself. The lawsuit seeks redress for damages caused by Allstate's conduct during the adjustment of the [Plaintiffs'] property damage claim. Accordingly, the [Plaintiffs'] action is 'on the policy,' and therefore subject to the one-year time bar."); *Campanelli v. Allstate Ins. Co.,* 97 F.Supp.2d 1211, 1214 (C.D.Cal. 2000) (Kelleher, J.) ("Despite RICO's inherent four-year limitations period, a one-year time bar applies to the RICO claim in this case. The contract of insurance between Allstate and [Plaintiffs] specifically provides for a one-year time bar.... Since Allstate and the [Plaintiffs] contracted for a 'reasonable' limitations period under California law, any claim arising under that policy would be measured against the one-year time bar.... [A]ll of the Plaintiffs' claims—including the RICO claim—arise out of their respective policies of insurance.").

Although the dates and times differ slightly as to the Noahs' claims, the legal analysis and resulting conclusion are identical to those of the other *Campanelli v. Allstate* plaintiffs—namely, plaintiffs Cheryl Mondheim, James and Pat House, and George and Mary Lou Giakoumakis—against whom this Court granted summary judgment under the applicable one-year statute of limitations. Summary judgment is therefore appropriate as to the Noahs.

### B. *The Noahs' Reliance On Senate Bill 1899 Is Premature.*

 The Noahs argue that their claims are not consigned to the same fate as that of Ms. Mondheim, the Houses, and the Giakoumakises, because of the enactment of Senate Bill 1899 ("SB 1899").

On September 30, 2000, Governor Gray Davis signed legislation enacting SB 1899, which adds Section 340.9 to the California Code of Civil Procedure and provides, in pertinent part:

> Notwithstanding any other provision of law or contract, any insurance claim for damages arising out of the Northridge earthquake of 1994 which is barred as of the effective date of this section solely because the applicable statute of limitations has or had expired is hereby revived and a cause of action thereon may be commenced provided that the action is commenced within one year of the effective date of this section.

Cal. Civ. Proc. § 340.9(a).

Most notably, however, SB 1899 does not apply to claims that have been "litigated to finality in any court of competent jurisdiction" before the effective date of SB 1899, or to any written compromised settlement agreements entered into between an insurer and its insured where the insured was represented by counsel. Cal. Civ. Proc. §§ 340.9(d)(1) & (2).

SB 1899 does not become effective until January 1, 2001. Meanwhile, the Noahs' claims are subject to summary judgment based on the expiration of the statute of limitations. Summary judgment constitutes a final adjudication on the merits. *See, e.g., Rand v. Rowland,* 154 F.3d 952, 957 (9th Cir.1998) ("[A] grant of summary judgment is a final adjudication on the merits.") (citing *Griffith v. Wainwright,* 772 F.2d 822, 825 n. 4 (11th Cir. 1985) and 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure:* Jurisdiction Section 4444 (1981)). Having been litigated to finality in a court of competent jurisdiction before the effective date of SB 1899, the Noahs' claims cannot be revived by SB 1899.

### DISPOSITION

Allstate's Motion For Summary Judgment Against Plaintiffs William and Terry Noah is GRANTED.

IT IS FURTHER ORDERED that counsel for Allstate submit a Judgment to this effect in accordance with the Local Rules.

IT IS SO ORDERED.