**Peter VU, Plaintiff–Appellant,**

v.

**PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, Defendant–Appellee.**

**No. 98–55540.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 1998.

Submission Vacated April 15, 1999.

Filed May 22, 2002.

Glenn R. Kantor, Gruber & Kantor, Encino, CA, argued the cause for the plaintiff-appellant; Sara Smith Ray, Daniel S. Gruber and Joel A. Cohen assisted on the briefs.

Melody S. Mosley, Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone, Irvine, CA, argued the cause for the defendant-appellee; James F. Henshall, Jr., William F. Wraith, Janice A. Ramsay, and Ronald D. Kent and Susan M. Walker, Sonnenschein, Nath & Rosenthal, Los Angeles, CA, assisted on the briefs.

Before KOZINSKI and O'SCANNLAIN, Circuit Judges, and LOVELL,* District Judge.

## ORDER

After the Northridge earthquake of January 1994 damaged his home, Peter Vu asked his insurance company, Prudential Property and Casualty Insurance, for coverage benefits. Having inspected Vu's home, Prudential informed him that the damage was significantly below the amount of the deductible. Relying on this information, Vu took no further action until August 1995, when he discovered substantial additional damage caused by the earthquake. Vu promptly requested coverage benefits for this newly discovered damage. Prudential declined on the ground that Vu's claim was barred by California's one-year statute of limitations on actions for recovery of claims. *Cf.* Cal. Ins.Code § 2071.

Two and a half years after Vu's original claim, but less than a year after the discovery of the additional damage, Vu filed suit in federal court, which granted summary judgment against Vu on the ground that his claim was barred by section 2071. On appeal, we certified this issue to the Supreme Court of California. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 172 F.3d 725 (9th Cir.1999). The California Supreme Court accepted the certification and eventually answered it. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal.4th 1142, 113 Cal.Rptr.2d 70, 33 P.3d 487 (2001).

The California Supreme Court reaffirmed its holding in *Neff v. New York Life Insurance Co.*, 30 Cal.2d 165, 180 P.2d 900 (1947), that an insurer's unconditional denial of coverage "offers no grounds for estopping the insurer from raising a statute of limitations defense." *Vu*, 113 Cal. Rptr.2d 70, 33 P.3d at 493. The court explained, however, that the post-*Neff* case-law distinguished such unconditional denials from misrepresentations of fact, which could indeed provide ground for estoppel. By entering into a contractual relationship with the insured, the insurer assumes an obligation to "give at least as much consideration to the welfare of its insured as it gives to its own interests." *Vu*, 113 Cal.Rptr.2d 70, 33 P.3d at 491 (quoting *Egan v. Mut. of Omaha Ins. Co.*, 24 Cal.3d 809, 169 Cal.Rptr. 691, 620 P.2d 141, 145 (1979)). Given this "unique nature of the insurance contract," it is essen-

---

* The Honorable Charles C. Lovell, United States District Judge for the District of Montana, sitting by designation.

tial that "the insured [be able to] depend on the good faith and performance of the insurer." *Vu*, 113 Cal.Rptr.2d 70, 33 P.3d at 492 (quoting *Love v. Fire Ins. Exch.*, 221 Cal.App.3d 1136, 271 Cal.Rptr. 246, 251 (1990) (internal quotation marks omitted), and citing *Cates Constr., Inc. v. Talbot Partners*, 21 Cal.4th 28, 86 Cal.Rptr.2d 855, 980 P.2d 407, 416 (1999); *Egan*, 169 Cal.Rptr. 691, 620 P.2d at 145–46).

Turning to the facts of our case, the Supreme Court of California noted that Prudential provided Vu with specific estimates of the damage and the cost of repairs. *Id.* at 493, 113 Cal.Rptr.2d 70, 33 P.3d 487. Prudential therefore "did not merely convey a denial of coverage, or state [its] interpretation of [Vu's] policy," but "communicated specific *facts* describing the nature and amount of damage." *Id.* (emphasis in the original). The California Supreme Court concluded that, "[o]n these facts, Prudential may be estopped from raising a statute of limitations defense if Vu can show that he reasonably relied on [Prudential's] representation." *Id.* Whether Vu's reliance was indeed reasonable would depend on such factors as

> whether Vu himself was qualified to evaluate the damage or had to rely on an expert; what Vu told the inspector about his damage; whether the inspector was qualified and, if not, whether Vu knew of his lack of qualification; whether the inspector examined the entire property and, if not, whether Vu knew the inspection was more limited; what led Vu to suspect his damage was greater than the policy's deductible amount, and whether Vu then acted diligently after he so suspected.

*Id.* at 493–94, 113 Cal.Rptr.2d 70, 33 P.3d 487 (citation omitted).

The parties had no reason to address this issue when briefing Prudential's summary judgment motion. Prudential argues that Vu somehow waived estoppel by failing to "raise[ ] a genuine issue of material fact that [Prudential] is estopped from asserting the one-year limitations provision." Appellee's Supplemental Br. at 7 (quoting the district court's Order of Feb. 24, 1998, at 3). This is not surprising, as Vu did not have the benefit of the California Supreme Court's clarification of the law. We believe the appropriate course is to remand so that Vu may have an opportunity to amend his complaint and develop the record in light of the California Supreme Court's guidance.

On remand, the parties may raise, and the district court may consider, the effect of an intervening development in the law, namely the passage of section 340.9 of the California Code of Civil Procedure. This section, enacted after we originally considered Vu's appeal, revives those insurance claims arising out of the Northridge earthquake that are barred solely by the statute of limitations. Cal.Code Civ. P. § 340.9. Both Vu and Prudential agree that if section 340.9 is valid and applicable to Vu's claim, it may provide an alternative ground for deciding this case.

On its face, section 340.9 seems applicable. Vu contacted his insurer before January 1, 2000, *see* Cal.Code Civ. P. § 340.9(a); brought the lawsuit before January 1, 2001, the legislation's effective date, *see id.* § 340.9(b); and his claim has neither been litigated to finality nor settled, *see id.* § 340.9(d). The state courts have interpreted section 340.9's requirement that the claim not be "litigated to finality" prior to the statute's effective date as "refer[ring] to the final resolution of the matter on appeal, or [to the] passage of the time within which an appeal can be filed." *Hellinger v. Farmers Ins. Exch.*, 91 Cal.App.4th 1049, 92 Cal.App.4th 384A, 111 Cal.Rptr.2d 268, 277–78 (2001); *see also Bialo v. W. Mut. Ins. Co.*, 95

Cal.App.4th 68, 115 Cal.Rptr.2d 3, 6–7 (2002); *20th Century Ins. Co. v. Superior Court,* 90 Cal.App.4th 1247, 109 Cal. Rptr.2d 611, 635–36 (2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1788, 152 L.Ed.2d 648, 70 U.S.L.W. 3444 (U.S. Apr. 29, 2002). A federal district court, however, reached a different conclusion, holding that a claim is "litigated to finality" within the meaning of section 340.9 when a summary judgment is rendered. *Campanelli v. Allstate Ins. Co.,* 119 F.Supp.2d 1073, 1076 (C.D.Cal.2000). *Campanelli* based its interpretation solely on federal law, and the California state courts, after an extensive consideration of the relevant state law, expressly disavowed its reasoning. *Hellinger,* 111 Cal.Rptr.2d at 278 ("we disagree with a contrary decision by a federal district court in *Campanelli*"); *20th Century Ins. Co.,* 109 Cal.Rptr.2d at 636 n. 35 ("to the extent that *Campanelli* is not procedurally distinguishable, it was wrongly decided"). Having examined the issue, we find the reasoning of *Hellinger, Bialo* and *20th Century Insurance Co.* persuasive, and conclude that the statute applies to Vu.

The Supreme Court of California noted, however, that "there is a substantial dispute [between the parties] whether the statute applies to this suit." *Vu,* 113 Cal. Rptr.2d 70, 33 P.3d at 488 n. 1. The parties did not explain to us the nature of the dispute on supplemental briefing, and therefore we leave the issue of section 340.9's applicability to the district court's consideration.

We therefore vacate the district court's grant of summary judgment in favor of Prudential and remand for a reconsideration in light of section 340.9 of the California Code of Civil Procedure and the California Supreme Court's opinion in *Vu v. Prudential Property & Casualty Insur-*

*ance Co.,* 26 Cal.4th 1142, 113 Cal.Rptr.2d 70, 33 P.3d 487 (2001).

**VACATED and REMANDED.**