322 F.3d 1086
 Vito CAMPANELLI; Peggy Campanelli; John Caudillo; Barbara Caudillo; Neil Damrow; Gayle Damrow; Nancy Durrant; Garfield Ecung; Debra Ecung; George Giakoumakis; Mary Lou Giakoumakis; Donald Huner; Tommie Jenkins; Carrie Jenkins; Brenda Kalosh; Donald Menck; Florence Menck; Cheryl Mondheim; William Noah; Terry Noah; Roy Rosenblatt; Lorraine Rosenblatt; Darla Severn; Loyal Smith; Mildred Stafford; Marilyn Taber, Plaintiffs, and
James House; Pat House, Plaintiffs-Appellants,
v.
ALLSTATE LIFE INSURANCE COMPANY, an Illinois Corporation, Defendant-Appellee, and
Shadowbrook Design Group, Inc., a California Corporation; W.S.C., a California Corporation, dba Western States Construction, dba Western States Geotechnical, aka Western States Companies, Defendants.
Vito Campanelli; Peggy Campanelli; John Caudillo; Barbara Caudillo; Neil Damrow; Gayle Damrow; Nancy Durrant; Garfield Ecung; Debra
Ecung; George Giakoumakis; Mary Lou Giakoumakis; James House; Pat House; Donald Huner; Tommie Jenkins; Carrie Jenkins; Brenda Kalosh; Donald Menck; Florence Menck; William Noah; Terry Noah; Roy Rosenblatt; Lorraine Rosenblatt; Darla Severn; Loyal Smith; Mildred Stafford; Marilyn Taber, Plaintiffs, and
Cheryl Mondheim, Plaintiff-Appellant,
v.
Allstate Life Insurance Company, an Illinois Corporation, Defendant-Appellee, and
Shadowbrook Design Group, Inc., a California Corporation; W.S.C., a California Corporation, dba Western States Construction, dba Western States Geotechnical, aka Western States Companies, Defendants.
Vito Campanelli; Peggy Campanelli; John Caudillo; Barbara Caudillo; Neil Damrow; Gayle Damrow; Nancy Durrant; Garfield Ecung; Debra Ecung; James House; Pat House; Tommie Jenkins; Carrie Jenkins; Brenda Kalosh; Donald Menck; Florence Menck; Cheryl Mondheim; William Noah; Terry Noah; Roy Rosenblatt; Lorraine Rosenblatt; Darla Severn; Loyal Smith; Mildred Stafford; Marilyn Taber; Donald Huber, Plaintiffs, and
George Giakoumakis; Mary Lou Giakoumakis; Plaintiffs-Appellants,
v.
Allstate Life Insurance Company, an Illinois Corporation, Defendant-Appellee.
Vito Campanelli; Peggy Campanelli; John Caudillo; Barbara Caudillo; Neil Damrow; Gayle Damrow; Nancy Durrant; Garfield Ecung; Debra Ecung; George Giakoumakis; Mary Lou Giakoumakis; James House; Pat House; Donald Huner; Tommie Jenkins; Carrie Jenkins; Brenda Kalosh; Donald Menck; Florence Menck; Cheryl Mondheim; Roy Rosenblatt; Lorraine Rosenblatt; Darla Severn; Loyal Smith; Mildred Stafford; Marilyn Taber, Plaintiffs, and
William Noah, Terry Noah, Plaintiffs-Appellants,
v.
Allstate Life Insurance Company, an Illinois Corporation, Defendant-Appellee, and
Shadowbrook Design Group, Inc., a California Corporation; W.S.C., a California Corporation, dba Western States Construction, dba Western States Geotechnical, aka Western States Companies, Defendants.
 No. 00-55466.
 No. 00-55468.
 No. 00-55957.
 No. 00-57080.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted November 5, 2002.
 Filed March 3, 2003.
 
 COPYRIGHT MATERIAL OMITTED COPYRIGHT MATERIAL OMITTED COPYRIGHT MATERIAL OMITTED COPYRIGHT MATERIAL OMITTED Norman J. Watkins, Lynberg & Watkins, Los Angeles, CA, for plaintiffs-appellants.
 Peter H. Klee, Luce, Forward, Hamilton & Scripps, San Diego, CA, for the defendant-appellee.
 Anne Michelle Burr, Deputy Attorney General, San Francisco, CA, for amicus curiae Bill Lockyer, Attorney General of the State of California, urging reversal.
 Stephanie Rae Williams, Horvitz & Levy, Encino, CA, for amici curiae 21st Century Insurance Company and Truck Insurance Exchange, urging affirmance.
 Appeals from the United States District Court for the Central District of California; Robert J. Kelleher, District Judge, Presiding. D.C. No. CV 98-7185 RJK.
 Before: BRIGHT,* GOODWIN, and TASHIMA, Circuit Judges.
 TASHIMA, Circuit Judge:
 
 
 1
 These are appeals from the district court's grant of summary judgment in favor of appellee, Allstate Insurance Company ("Allstate"), based upon a limitations-period defense. We reverse.
 
 BACKGROUND
 
 2
 Appellants William and Terry Noah, James and Patricia House, Cheryl Mondheim, and George and Mary Lou Giakoumakis (collectively, the "Homeowners") all own homes, insured by Allstate, that were damaged on January 17, 1994, by the Northridge earthquake. Within the next year, all of the Homeowners made claims to Allstate for the earthquake damage to their homes. All of them received payments for the damage and their claims were closed by Allstate over the next two years.
 
 
 3
 Sometime in May 1998, the Homeowners learned that there were questions regarding the authenticity of the engineering reports they had received from Allstate during the claims adjustment process. The "engineering" reports that each Homeowner received were purportedly signed, stamped, and certified to contain the signing engineer's opinion of the extent of the earthquake damage based upon the engineer's personal inspection of the home. The Homeowners allege that, in fact, the reports were not prepared by engineers, engineers never inspected their homes, and that, as a result, their insurance claims were undervalued, causing the Homeowners to receive less than complete compensation for the damage to their homes.
 
 
 4
 On September 2, 1998, the Homeowners joined 20 other plaintiffs in a suit against Allstate. In their complaint, they alleged the following causes of action against Allstate: (1) violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961-68, based on mail fraud; (2) negligence; (3) negligent misrepresentation; (4) intentional misrepresentation; (5) breach of the covenant of good faith and fair dealing; and (6) breach of contract.
 
 
 5
 Allstate filed separate summary judgment motions against each of the Homeowners, asserting that their claims were barred by the one-year limitations period of their insurance contracts. The district court granted all of these motions. See Campanelli v. Allstate Ins. Co., 119 F.Supp.2d 1073 (C.D.Cal.2000); Campanelli v. Allstate Ins. Co., 97 F.Supp.2d 1211 (C.D.Cal.2000); Campanelli v. Allstate Ins. Co., 85 F.Supp.2d 980 (C.D.Cal. 2000).
 
 
 6
 All of the Homeowners appealed, contending that their claims were not timebarred. The Homeowners base their appeals on several grounds, including: (1) that the limitations period did not begin to run until they discovered the fraudulent nature of the engineering reports; (2) that Allstate is equitably estopped from asserting the limitations period as an affirmative defense; and (3) that their claims were revived by California Code of Civil Procedure § 340.9, which became effective on January 1, 2001, while these appeals were pending.
 
 DISCUSSION
 
 7
 The Homeowners' argument based on § 340.9 is their strongest and, if upheld, would favorably resolve these appeals. Allstate, however, challenges the constitutionality of § 340.9. "A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them." Lyng v. Northwest Indian Cemetery Protective Ass'n, 485 U.S. 439, 445-46, 108 S.Ct. 1319, 99 L.Ed.2d 534 (1988). Therefore, we will address the constitutionality of § 340.9 only if none of the Homeowners' other grounds would resolve all of these appeals in the Homeowners' favor. See id. at 446, 108 S.Ct. 1319.
 
 I Inception of the Loss
 
 8
 The district court granted summary judgment against the Homeowners on all of their claims, finding that the one-year limitations period under their contracts, which conformed to California Insurance Code § 2071, had expired. Section 2071 is not technically a statute of limitations. Rather than directly imposing a limitations period on certain causes of action, § 2071 provides a standard insurance contract for all insurance policies that include fire coverage. This contract must include the following limitations period provision:
 
 
 9
 No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within 12 months next after inception of the loss.
 
 
 10
 Cal. Ins.Code § 2071. Under this provision, any claim that is "on the policy" must be brought within 12 months of the "inception of the loss" or it is time-barred.
 
 
 11
 The Homeowners argue that their claims are not barred by the expiration of the one-year limitations period because the period did not begin to run until the Homeowners discovered that Allstate had hidden the true extent of the damage to their homes. We cannot agree. Under California law, the one-year limitations period begins to run at the time of the inception of the loss, which is "that point in time when appreciable damage occurs and is or should be known to the insured, such that a reasonable insured would be aware that his notification duty under the policy has been triggered." Prudential-LMI Commercial Ins. v. Superior Court, 51 Cal.3d 674, 274 Cal.Rptr. 387, 798 P.2d 1230, 1232 (1990). The inception of the loss occurs when the insured should have known that appreciable damage had occurred, not when the homeowner learned the true extent of the damage. See id.
 
 
 12
 In these cases, the inception of the loss occurred when the Homeowners realized that their homes had been damaged by the Northridge earthquake. All of the Homeowners clearly realized that they had suffered sufficient damage to warrant contacting Allstate, because they did, in fact, contact Allstate. As a result, the inception of the loss in this case was January 17, 1994, the date of the Northridge earthquake, and the one-year limitations period began to run on that date. The Homeowners' complaint was filed on September 2, 1998. Even taking into consideration the fact that the limitations period was tolled during Allstate's processing of the claims, the one-year limitations period had expired for those claims that were covered by that limitations period.
 
 II Estoppel
 
 13
 The Homeowners argue that even if the one-year limitations period had expired at the time that their lawsuit was filed, Allstate is now equitably estopped from asserting the limitations period as a defense because of the Homeowners' reliance on the allegedly fraudulent engineering reports provided by Allstate.
 
 
 14
 In Vu v. Prudential Property & Casualty Insurance Co., 26 Cal.4th 1142, 113 Cal.Rptr.2d 70, 33 P.3d 487 (2001), the California Supreme Court recently clarified California equitable estoppel law as it relates to insurance limitations periods. Vu established that when an insurer makes representations of fact regarding the value of an insured's claim, the insurer is estopped from later raising the limitations period as a defense, if the insured reasonably relied on the representations. Id. 113 Cal.Rptr.2d 70, 33 P.3d at 493. There is no need to show that the insurer committed fraud or intended to mislead the insured, only that the insured reasonably relied on the insurer's representations. Id.
 
 
 15
 The Homeowners' case for equitable estoppel appears strong, as it is alleged in their complaint. They claim that they received fraudulently-prepared engineering reports from Allstate that understate the damage to their homes and that they relied on these reports to their detriment. The difficulty in their cases arises from their failure to present certain evidence to oppose Allstate's summary judgment motion.
 
 
 16
 Homeowners House and Mondheim cannot succeed on their claim for equitable estoppel because they did not present any evidence that showed that they had received the engineering reports mentioned in the complaint or that Allstate had made any representations of fact regarding the extent of the damage to their homes. Without this evidence, these appellants cannot claim to have reasonably relied on a misrepresentation by Allstate. Therefore, Allstate is not estopped from asserting the limitations period as a defense against these Homeowners.
 
 III Section 340.9
 
 17
 Because the limitation period has expired for those claims that are "on the policy" and Allstate is not equitably estopped from raising the limitations period as a defense against some of the Homeowners, we now address the question of whether § 340.9 revives the time-barred claims. We hold that it does and that such revival is constitutional.
 
 
 18
 Section 340.9 came into effect on January 1, 2001. It revives "insurance claim[s] for damage arising out of the Northridge earthquake" that are barred "solely because the applicable statute of limitations has or had expired...." § 340.9(a).[1] Section 340.9 also revives claims that are barred by statutorily-mandated contractual limitations periods, such as those involved in this case. See § 340.9(a) (reviving claims "[n]otwithstanding any other provision of law or contract"); 20th Century Ins. Co. v. Superior Court, 90 Cal.App.4th 1247, 109 Cal.Rptr.2d 611, 634-35 (2001).
 
 
 19
 Section 340.9 applies only to cases in which the insured contacted the insurer prior to January 1, 2000, regarding potential Northridge earthquake damage. § 340.9(a). It gave plaintiffs until January 1, 2002, to bring suit on their revived claims. § 340.9(b). Finally, § 340.9 has no effect on any claim that had been "litigated to finality in any court of competent jurisdiction" prior to January 1, 2001. § 340.9(d).
 
 
 20
 A. "Litigated to Finality"
 
 
 21
 Allstate asserts that the Homeowners' claims are not revived by § 340.9 because the district court orders granting summary judgment in favor of Allstate were all filed prior to January 1, 2001. Allstate argues that because these orders are "final judgments," the claims have been litigated to finality and are not revived by § 340.9. We reject this argument and hold that, for purposes of § 340.9, a claim has not been litigated to finality until there has been a "final resolution of the matter on appeal" or until the time for taking an appeal has expired without an appeal having been taken. Hellinger v. Farmers Ins. Exchange, 91 Cal.App.4th 1049, 111 Cal.Rptr.2d 268, 277-78 (2001); see also Vu v. Prudential Prop. & Cas. Ins. Co., 291 F.3d 603, 605 (9th Cir.2002); Bialo v. W. Mut. Ins. Co., 95 Cal.App.4th 68, 115 Cal.Rptr.2d 3, 13-14 (2002).
 
 
 22
 Although the judgments entered against Homeowners were "final judgments," the Homeowners' claims had not been litigated to finality. Under California law, "[a]n action is deemed to be pending from the time of its commencement until its final determination upon appeal...." Hellinger, 111 Cal.Rptr.2d at 277 (quoting McKee v. Nat'l Union Fire Ins. Co., 15 Cal.App.4th 282, 19 Cal.Rptr.2d 286, 289 (1993) (quoting Cal.Code Civ. Proc. § 1049)); see also In re Marriage of Buol, 39 Cal.3d 751, 218 Cal.Rptr. 31, 705 P.2d 354, 356 (1985) (holding that proceedings that were on appeal were "not yet final"). Because the Homeowners' claims were on appeal on January 1, 2001, they were not litigated to finality and are within the scope of § 340.9.[2]
 
 B. Tort and RICO claims
 
 23
 Allstate also asserts that even if § 340.9 applies to the Homeowners' claims, it revives only their contract claim, not their tort claims. It contends that "insurance claims for damages," under § 340.9, do not include tort claims.
 
 
 24
 The California courts of appeal that have dealt with § 340.9 have not so limited its reach. In Bialo, 115 Cal.Rptr.2d at 13, the court revived plaintiff's claims for breach of contract and tortious breach of the covenant of good faith and fair dealing. In Hellinger, III Cal.Rptr.2d at 283-84, the court revived plaintiff's claims for bad faith and punitive damages. In 20th Century, the court held that § 340.9 revived the plaintiff's breach of contract and breach of the covenant of good faith and fair dealing claims, but held that § 340.9 did not revive the plaintiff's fraud claim because that claim was not covered by the one-year limitations period for insurance claims in the first place. 109 Cal.Rptr.2d at 638.
 
 
 25
 We hold that § 340.9 revives all causes of action that fall within the limitations period of Insurance Code § 2071. Section 340.9 revives "any insurance claim for damages" that is barred solely because the statute of limitations has expired. Under California law any claim that is "grounded in a failure to pay benefits that are due under the policy" is treated as "on the policy" for purposes of § 2071's limitations period. Prieto v. State Farm Fire & Cas. Co., 225 Cal.App.3d 1188, 275 Cal.Rptr. 362, 365-66 (1990). There is no indication that the California legislature intended to revive only a subset of the actions that would be barred by the statutorily-imposed insurance limitations period. Therefore, any claim that is covered by the one-year limitations period of Insurance Code § 2071 is revived by § 340.9.
 
 
 26
 As a result, we must next decide which of the claims are covered by § 2071's one-year limitations period in order to determine which causes of action are revived by § 340.9. The one-year limitations period applies to all claims that are "grounded in a failure to pay benefits that are due under the policy." Id. at 365-66. "[A]n action seeking damages recoverable under the policy for a risk insured under the policy" is "on the policy" and covered by the one-year limitations period. Jang v. State Farm Fire & Cas. Co., 80 Cal.App.4th 1291, 95 Cal.Rptr.2d 917, 924 (2000) (holding that claims for civil conspiracy and bad faith were on the policy); see also CBS Broad. Inc. v. Fireman's Fund Ins. Co., 70 Cal.App.4th 1075, 83 Cal.Rptr.2d 197, 203 (1999) (holding that action for breach of good faith and fair dealing was on policy). The fact that an insured seeks damages in addition to those covered by the policy will not render the cause of action "off the policy." See Velasquez v. Truck Ins. Exch., 1 Cal.App.4th 712, 5 Cal.Rptr.2d 1, 5-6 (1991).
 
 
 27
 The Homeowners' causes of action for negligence and for breach of the covenant of good faith and fair dealing are "on the policy." Those claims are based on Allstate's alleged mishandling of the Homeowners' claims and seek to recover damages based on the underpayment of their claims.
 
 
 28
 The Homeowners' causes of action for negligent and intentional misrepresentation are also on the policy and thus are revived by § 340.9. These causes of action also seek to recover for damage to their homes that the Homeowners allege should have been covered under their respective insurance policies. The complaint also alleges that Allstate's misrepresentations involved "the scope, competence and fairness of the investigations into the [Homeowners'] claim for covered loss under the policy." These claims are "grounded in a failure to pay benefits that are due under the policy" and are therefore covered by the one-year limitations period. Prieto, 275 Cal.Rptr. at 365-66.
 
 
 29
 All of Homeowners' state-law causes of action are revived, removing any limitations-period defense Allstate may have had regarding those claims. This leaves only the RICO claims. The parties contest whether the RICO claims are "on the policy" and whether the contractual limitations periods, which are mandated by state law, could shorten the limitations period of a federal cause of action if they were. We need not, however, reach this issue on these appeals. Regardless of the answer to this question, the RICO claims are not time-barred by § 2071's limitations period. On the one hand, if the one-year limitations period does not apply to or cannot alter the limitations period of the RICO claims, then the district court's summary judgment based on the one-year limitations period must be reversed. On the other hand, if § 2071's one-year limitations period does apply to the RICO claim and can affect its limitation period, then the one-year limitations period was, like the state-law claims, reinstated by § 340.9.[3] In either event, the RICO claims are not barred by § 2071's one-year limitations period, which was the basis of the district court's summary judgment.
 
 C. Contract Clause
 
 30
 Because we have held that § 340.9 revives the Homeowners' previously-barred claims, we must reach Allstate's constitutional challenges to the statute. First, Allstate asserts that if § 340.9 revives the Homeowners' claims, then it violates the contract clauses of both the federal and California Constitutions. The federal Constitution provides that "[n]o State shall ... pass any ... Law impairing the Obligation of Contracts." U.S. Const., art. I, § 10, cl. 1. The California Constitution provides that a "law impairing the obligation of contracts may not be passed." Cal. Const., art. I, § 9. The California Supreme Court uses the federal Contract Clause analysis for determining whether a statute violates the parallel provision of the California Constitution. See Calfarm Ins. Co. v. Deukmejian, 48 Cal.3d 805, 258 Cal.Rptr. 161, 771 P.2d 1247, 1262-63 (1989) (holding that a statute that passed the federal test did not violate either the federal or state Constitutions).
 
 
 31
 "Although the language of the Contract Clause is facially absolute, its prohibition must be accommodated to the inherent police power of the State...." Energy Reserves Group, Inc. v. Kansas Power & Light Co., 459 U.S. 400, 410, 103 S.Ct. 697, 74 L.Ed.2d 569 (1983). The threshold inquiry in Contract Clause analysis is "`whether the state law has, in fact, operated as a substantial impairment of a contractual relationship.'" Id. at 411, 103 S.Ct. 697 (quoting Allied Structural Steel v. Spannaus, 438 U.S. 234, 244, 98 S.Ct. 2716, 57 L.Ed.2d 727 (1978)). "The severity of the impairment measures the height of the hurdle the state legislation must clear." Allied Structural Steel, 438 U.S. at 245, 98 S.Ct. 2716. The more severe the impairment, the more searching the examination of the legislation must be. Id.
 
 
 32
 In determining the extent of the impairment, a court must consider "whether the industry the complaining party has entered has been regulated in the past." Energy Reserves, 459 U.S. at 411, 103 S.Ct. 697. If the industry has been heavily regulated, then the impairment is less severe because "`[o]ne whose rights, such as they are, are subject to state restriction, cannot remove them from the power of the State by making a contract about them.'" Id. (quoting Hudson County Water Co. v. McCarter, 209 U.S. 349, 357, 28 S.Ct. 529, 52 L.Ed. 828 (1908)).
 
 
 33
 Even if a state regulation does constitute a substantial impairment of contract, it is still constitutional if the state has a "significant and legitimate public purpose behind the regulation." Energy Reserves, 459 U.S. at 411-12, 103 S.Ct. 697. The regulation need not be addressed to an emergency or temporary situation. Id. at 412, 103 S.Ct. 697.
 
 
 34
 Once a legitimate public purpose has been identified, the final step of the Contracts Clause analysis is to determine "whether the adjustment of `the rights and responsibilities of contracting parties [is based] upon reasonable conditions and [is] of a character appropriate to the public purpose justifying [the legislation's] adoption.'" Energy Reserves, 459 U.S. at 412, 103 S.Ct. 697 (quoting United States Trust Co. v. New Jersey, 431 U.S. 1, 22, 97 S.Ct. 1505, 52 L.Ed.2d 92 (1977) (alterations in the original)). Unless the state is a party to the contract, courts "`defer to legislative judgment as to the necessity and reasonableness of a particular measure.'" Id. at 412-13, 103 S.Ct. 697 (quoting United States Trust, 431 U.S. at 22-23, 97 S.Ct. 1505); see also Seltzer v. Cochrane (In re Seltzer), 104 F.3d 234, 236 (9th Cir.1996).
 
 
 35
 Section 340.9 substantially impairs contracts between insurers and insured. It revives claims that would otherwise be barred by the contractual limitations period included in most insurance contracts pursuant to § 2071. It subjects the insurers to potential liability that they believed had long since been put to rest. The severity of the impairment is significantly mitigated, however, by the fact that the California insurance industry is heavily regulated. See Calfarm, 258 Cal.Rptr. 161, 771 P.2d at 1262 (holding that the insurance industry is a highly-regulated industry in which further regulation can reasonably be anticipated).
 
 
 36
 This particular impairment is also less severe because the limitations period in the contracts is mandated by statute. Section 2071 requires all insurance policies that contain fire coverage to include a provision giving the insured one year from the inception of the loss to bring any claim under the contract. The provisions were not bargained for and are subject to an existing statute; therefore, impairment of these provisions is less severe.
 
 
 37
 Given the highly-regulated nature of the California insurance industry and the statutory underpinnings of the contractual limitations clause, § 340.9's interference with contracts, while substantial, is not so severe as to render the statute unconstitutional.
 
 
 38
 Although § 340.9 substantially impairs contracts, it was passed for a legitimate public purpose. Section 340.9 was introduced as Senate Bill No. 1899 "to bring needed relief to the victims of the Northridge earthquake." Sen. Comm. on Judiciary, Analysis of Sen. Bill. No. 1899 (1999-2000); see also Hellinger, 111 Cal.Rptr.2d at 275. The bill's author believed that the one-year limitations period had barred victims from being fairly compensated after they had been misled about the extent of their losses. See id. at 275. Protecting the rights of victims of the Northridge earthquake is a significant and legitimate public purpose.
 
 
 39
 Allstate argues that § 340.9 no longer serves any legitimate state purpose after the California Supreme Court's decision in Vu, 113 Cal.Rptr.2d 70, 33 P.3d at 493-94. It contends that the doctrine of equitable estoppel, as clarified in Vu, fully protects victims of the Northridge earthquake; therefore, that the purpose behind § 340.9 has been made obsolete.
 
 
 40
 Although Vu does provide some protection for victims of the Northridge earthquake, its protection is not as complete as that of § 340.9. As demonstrated by this case, not all insureds will be able to take advantage of the Vu holding, even if they are alleging significant malfeasance on the part of the insurer. Section 340.9 eliminates the need for an insured to present any evidence of the misrepresentations that are a base requirement for equitable estoppel under Vu and protects all insureds who were not fully compensated for their losses, so long as they meet the requirements of § 340.9. Vu clearly reduced the need for § 340.9, but we cannot say that it entirely eliminated it. Despite that decision, § 340.9 is still based on a legitimate public purpose. Moreover, § 340.9 also protects a larger class of homeowners than those that would benefit from Vu, namely, those who contacted their insurers about earthquake damage by January 1, 2000, whereas Vu applies only to homeowners who had filed claims.
 
 
 41
 Finally, § 340.9 is "of a character appropriate to the public purpose justifying [the legislation's] adoption." Energy Reserves, 459 U.S. at 412, 103 S.Ct. 697. Although § 340.9 is undeniably broad in its scope, reviving Northridge earthquake claims regardless of whether the insurance company has been shown to have acted wrongly, it is not so broad as to be unconstitutional. Despite its breadth, § 340.9 is not without limits. Section 340.9 revives only claims that resulted from the Northridge earthquake, a one-time event with a discrete, albeit large, number of victims. Additionally, only plaintiffs who had contacted an insurer prior to January 1, 2000, have their claims revived. § 340.9(b). This helps to exclude fraudulent claims that were invented just to take advantage of § 340.9's passage. Nor are insurance companies subjected to ongoing liability, because the claims were revived for only one year. Given the substantial deference given to legislative judgment as to the necessity and reasonableness of economic statutes, § 340.9 is "of a character appropriate to the public purpose justifying [the legislation's] adoption." Energy Reserves, 459 U.S. at 412, 103 S.Ct. 697.
 
 
 42
 Given the highly-regulated nature of the insurance industry in California and the relatively moderate level of impairment of contract, the legitimate public purpose of the statute, and the reasonableness of the scope of the statute in carrying out its public purpose, we hold that § 340.9 does not violate the contract clause of either the federal or California Constitutions.
 
 D. Due Process
 
 43
 Allstate also contends that § 340.9 violates the due process clauses of both the federal and California Constitutions by retroactively impairing vested contractual rights. Under the federal Constitution, retrospective economic legislation must only pass rational basis review: the statute must be based on "a legitimate legislative purpose furthered by rational means." Gen. Motors Corp. v. Romein, 503 U.S. 181, 191, 112 S.Ct. 1105, 117 L.Ed.2d 328 (1992). For the reasons discussed above, § 340.9 passes this test.
 
 
 44
 Allstate argues that the result is different under California's due process clause because the California Supreme Court has prohibited the revival of expired claims in Chambers v. Gallagher, 177 Cal. 704, 171 P. 931 (1918). In Chambers, the California Supreme Court held that a statute that removed the statute of limitations defense in proceedings to enforce payment of inheritance taxes was unconstitutional. Id. at 933. Chambers, however, has since been limited in its application. In People v. Frazer, 21 Cal.4th 737, 88 Cal.Rptr.2d 312, 982 P.2d 180, 205 n. 32 (1999), the California Supreme Court refused to declare a revival statute unconstitutional based on Chambers. The court noted that Chambers had not been used by any court to strike down a statute in a civil case not involving some form of tax dispute. Id. This effectively limits Chambers' holding to tax cases. This is not a tax case; therefore, Chambers is not controlling. If § 340.9 passes the normal due process test for retroactive application of a statute under the California Constitution, then it is constitutional.
 
 
 45
 Under the California Constitution, a statute can only be applied retroactively to impair vested rights if retroactive application "`reasonably could be believed to be sufficiently necessary to the public welfare as to justify the impairment.'" In re Marriage of Bouquet, 16 Cal.3d 583, 128 Cal.Rptr. 427, 546 P.2d 1371, 1376 (1976) (quoting Addison v. Addison, 62 Cal.2d 558, 43 Cal.Rptr. 97, 399 P.2d 897, 902 (1965)). In determining whether a retroactive law violates the California due process clause, California courts consider: (1) the significance of the state interest served by the law; (2) the importance of retroactive application of the law to the effectuation of the interest; (3) the extent and legitimacy of the reliance on the former law; (4) the extent of actions taken on the basis of that reliance; and (5) the extent to which the retroactive application of the new law would disrupt those actions. Id.
 
 
 46
 Applying these factors demonstrates that § 340.9 "reasonably could be believed to be sufficiently necessary to the public welfare as to justify the impairment." Id. The statute was passed to serve the significant state interest of ensuring that those injured by the Northridge earthquake are fully compensated for their losses. The California legislature determined that the claims procedures employed after the Northridge earthquake were not fair to all homeowners. The retroactive application of § 340.9 was essential to protecting the rights of those injured by the earthquake because most, if not all, of their claims were barred by the statutorily-imposed contractual limitations clause. Allstate, and other insurers, could not legitimately rely to any great extent on the one-year limitations period because it was mandated by statute and the insurance industry as a whole is heavily regulated. Finally, although § 340.9 significantly disrupts the insurer's actions, the legislature could have reasonably believed that § 340.9 was necessary to the public welfare because of the magnitude of the harm caused by the earthquake and the perceived problems of insurer malfeasance.
 
 
 47
 We conclude that § 340.9 does not violate the due process clause of the federal or California Constitutions.
 
 CONCLUSION
 
 48
 The judgments of the district court dismissing the Homeowners' claims are reversed and the cases remanded to the district court for further proceedings consistent with this opinion.
 
 
 49
 REVERSED and REMANDED.
 
 
 
 Notes:
 
 
 *
 The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 [1]
 Section 340.9 provides, in full:
 (a) Notwithstanding any other provision of law or contract, any insurance claim for damages arising out of the Northridge earthquake of 1994 which is barred as of the effective date of this section solely because the applicable statute of limitations has or had expired is hereby revived and a cause of action thereon may be commenced provided that the action is commenced within one year of the effective date of this section. This subdivision shall only apply to cases in which an insured contacted an insurer or an insurer's representative prior to January 1, 2000, regarding potential Northridge earthquake damage.
 (b) Any action pursuant to this section commenced prior to, or within one year from, the effective date of this section shall not be barred based upon this limitations period.
 (c) Nothing in this section shall be construed to alter the applicable limitations period of an action that is not time barred as of the effective date of this section.
 (d) This section shall not apply to either of the following:
 (1) Any claim that has been litigated to finality in any court of competent jurisdiction prior to the effective date of this section.
 (2) Any written compromised settlement agreement which has been made between an insurer and its insured where the insured was represented by counsel admitted to the practice of law in California at the time of the settlement, and who signed the agreement.
 Cal.Civ.Proc.Code § 340.9.
 
 
 [2]
 The meaning of "litigated to finality" is to be determined under state law because it defines one limit of the substantive right created by § 340.9. Thus, contrary to Allstate's contention, the meaning of such terms as "final judgment" for federal procedural purposes is not controlling
 
 
 [3]
 Although we hold that § 340.9 removes any state-law limitations period defense that Allstate may have, the question of whether § 340.9 can revive a RICO claim, if the federal four-year limitations period has already expired, remains open. This question is not before us in this case because Allstate's summary judgment motions were based only on § 2071's one-year limitations period