Stanley PLUMMER, Lynn Lovell Plummer, Plaintiffs—Appellants,

v.

ALLSTATE INSURANCE COMPANY, INC.; Clarence Cumbee; Dan Montgomery; Grover & Hollingsworth Associates, Inc,; Robert Hollingsworth; Hinton Insurance Agency, entity unknown, Defendants—Appellees.

No. 00–56455.

D.C. No. CV–99–09595–GAF.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2002.

Decided March 7, 2003.

Before BRIGHT,* GOODWIN, and TASHIMA, Circuit Judges.

## MEMORANDUM**

Stanley and Lynn Lovell Plummer (the "Plummers") appeal from the district court's summary judgment in favor of Allstate Insurance Company, Inc. ("Allstate"). The Plummers sued Allstate for breach of contract and related torts in connection

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

with property damage to their home, caused by the 1994 Northridge earthquake. The district court determined that the Plummers' contract claim was time-barred by the one-year limitations provision in their homeowners insurance policy with Allstate. The Plummers' tort claims also failed because they were considered to be dependent causes of action.

On January 1, 2001, after summary judgment in this case but while this appeal was pending, California Code of Civil Procedure (CCP) § 340.9 became effective. CCP § 340.9 revived all time-barred insurance claims for damages arising out of the Northridge earthquake so long as, inter alia, the insured contacted her insurer prior to January 1, 2000 and the insured's claim had not been litigated to finality. Because the Plummers have satisfied the conditions for revival of their claims under CCP § 340.9, and in light of our decision in *Campanelli v. Allstate Life Ins. Co.*, 322 F.3d 1086 (9th Cir.2003), we reverse and remand this case for further proceedings consistent with *Campanelli*.

REVERSED and REMANDED.