**DUARTE & WITTING, INC., dba Nader Chrysler Plymouth; et al., Plaintiffs–Appellants,**

v.

**UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Defendant–Appellee.**

No. 06–16653.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 14, 2008.*

Filed Aug. 18, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tod Michael Ratfield, Esq., Walnut Creek, CA, Michael T. Morrissey, Esq., Law Offices of Michael T. Morrissey, San Jose, CA, for Plaintiffs–Appellants.

Michael A. Barnes, Esq., Stephanie Duchene, Esq., Sonia R. Martin, Esq., Sonnenschein Nath & Rosenthal, LLP, San Francisco, CA, Michael T. Morrissey, Esq., Law Offices of Michael T. Morrissey, San Jose, CA, for Defendant–Appellee.

Before: O'SCANNLAIN and SILVERMAN, Circuit Judges, and SINGLETON,** Senior District Judge.

## MEMORANDUM ***

Duarte & Witting, Inc. and the Eghtesads appeal the district court's grant of summary judgment in favor of Universal Underwriters Insurance Company. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo. *Leonel v. Am. Airlines, Inc.*, 400 F.3d 702, 708 (9th Cir. 2005). We affirm.

Appellants argue that the district court erred by holding that the loss manifested prior to the effective date of the Universal policy. California follows the manifestation rule to determine insurer liability for first party property losses in which the losses progress over several policy periods. *Prudential–LMI Com. Ins. v.Super. Ct.*, 51 Cal.3d 674, 274 Cal.Rptr. 387, 798 P.2d 1230, 1246 (1990). The date of manifestation or inception of the loss occurs:

> when appreciable damage occurs and is or should be known to the insured, such that a reasonable insured would be aware that his notification duty under the policy has been triggered.

*Id.* at 1232. The loss manifests when appreciable damage occurs, not when the extent of the damage is known by the insured. *Campanelli v. Allstate Life Ins. Co.*, 322 F.3d 1086, 1094 (9th Cir.2003). "[I]nsurers whose policy terms commence after initial manifestation of the loss are not responsible for any potential claim relating to the previously discovered and manifested loss." *Prudential–LMI*, 274 Cal.Rptr. 387, 798 P.2d. at 1246–47.

Summary judgment was proper in this case. The undisputed facts establish that,

---

** The Honorable James K. Singleton, Senior United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

prior to the effective date of the policy, the walls of the unreinforced masonry building were cracked from the top to the bottom of the building. The cracks had been patched and had reopened. The cracks were large enough that daylight was showing through the cracks. Appreciable damage had occurred, should have been known to the insured, and a reasonable insured would have been aware of the damage prior to the June 1, 2003 start of the policy. Because the loss occurred before the policy began, there is no coverage, and for that reason, it is unnecessary to pass upon the applicability of any policy exclusions.

AFFIRMED.