**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RETIRED EMPLOYEES ASSOCIATION OF
ORANGE COUNTY, INC.,
            *Plaintiff-Appellant,*

v.

COUNTY OF ORANGE,
            *Defendant-Appellee.*

No. 09-56026

D.C. No.
8:07-cv-01301-
AG-MLG

ORDER
CERTIFYING A
QUESTION TO
THE SUPREME
COURT OF
CALIFORNIA

Filed June 29, 2010

Before: Stephen S. Trott and William A. Fletcher,
Circuit Judges, and James C. Mahan,* District Judge.

---

**ORDER**

We respectfully ask the California Supreme Court to exercise its discretion to accept and decide the certified question below. This case is withdrawn from submission, and further proceedings in this court are stayed pending final action by the California Supreme Court. The parties shall notify the Clerk of this Court within one week after the California Supreme Court accepts or rejects certification, and again within one week if that Court renders an opinion.

---

*The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

9357

The panel retains jurisdiction over further proceedings.

## I.   Question Certified

Pursuant to Rule 8.548 of the California Rules of Court, a panel of the United States Court of Appeals for the Ninth Circuit, before which this appeal is pending, requests that the Supreme Court of California answer the following question:

> Whether, as a matter of California law, a California county and its employees can form an implied contract that confers vested rights to health benefits on retired county employees.

Defendant-Appellee in this case contends that decisions of the Supreme Court of California and the California Courts of Appeal support a conclusion that an implied contract to which a county is one party cannot confer such vested rights. Plaintiff-Appellant contends the contrary.

We understand that the Supreme Court of California may reformulate our question, and we agree to accept and follow the court's decision. To aid the Supreme Court in deciding whether to accept the certification, we provide the following background.

## II.   Background

The Retired Employees Association of Orange County, Inc. ("REAOC") brought this suit against the County of Orange ("the County") on behalf of approximately 4,600 retirees formerly employed by the County. REAOC challenges the County's change to the structure of its health benefits under which the County began to split the pool of active and retired employees for purposes of setting premiums. The County began making healthcare plans available to retirees in 1966. Prior to 1984, the County determined premiums separately for active and retired employees. In 1984, the County began pool-

ing active and retired employees for purposes of determining their premiums.

The pooling of active and retired employees had the effect of subsidizing retiree health benefits because it lowered retiree premiums below actual expenses while raising active employee premiums above actual expenses. Retired employees, as a group, are more expensive to insure than active employees and normally would pay higher premiums. Retired employees pay the majority of their own premiums. The County pays a large portion of the premiums for active employees and therefore paid the majority of this subsidy for retirees. The rest of the subsidy was paid for by active employees through their raised premiums. The County pooled active and retired employees without interruption from 1985 through 2007.

Due to budgetary concerns, the Board passed a resolution in 2007 splitting the pool of active and retired employees, effective January 1, 2008. Before passing the resolution, the County negotiated changes to health benefits with labor unions. The County did not negotiate with REAOC or other retirees.

REAOC filed suit against the County in the Central District of California on November 5, 2007. REAOC sought an injunction prohibiting the County from splitting the pool of active and retired employees. It alleged, *inter alia*, that the County's action constituted an impairment of contract in violation of the United States Constitution and the California Constitution. REAOC argued that the County's longstanding and consistent practice of pooling active and retired employees, along with its representations to employees regarding this pooling, created an implied contract to continue the pooling practice for employees who retired before January 1, 2008.

The district court held that, as a matter of law, the County cannot be liable for any obligation that it did not enter through

explicit Board resolution. It wrote, "California courts have refused to find public entities contractually obligated to provide specified retirement benefits like those Plaintiff seeks in the absence of explicit legislative or statutory authority." After noting that REAOC relied on an implied contract with the County, the court concluded that "the County is not contractually obligated to provide retirees the pooling benefit throughout their lifetimes." Having found no contractual obligation, the court concluded that all of REAOC's claims fail.

REAOC timely appealed.

### III.    Explanation of Certification

REAOC argues that the County's revocation of the pooling arrangement that had prevailed from 1985 through 2007 violates the prohibition on the impairment of the obligation of contracts contained in both the United States Constitution and the California Constitution. *See* U.S. Const., art. I, § 10, cl 1; Cal. Const., art. I, § 9. Courts apply the same analysis to claims brought under the Contracts Clause of the United States Constitution and the California Constitution. *See Campanelli v. Allstate Life Ins. Co.*, 322 F.3d 1086, 1097 (9th Cir. 2003). To assert a successful claim for a Contract Clause violation, REAOC must establish that the County entered into an enforceable contract giving retirees a right to the pooling subsidy and that the County substantially impaired that right. *See San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement System*, 568 F.3d 725, 736-37 (9th Cir. 2009). "Laws that substantially impair state or local contractual obligations are nevertheless valid if they are reasonable and necessary to serve an important public purpose." *Id.* (quotation omitted).

For purposes of Contract Clause analysis, "federal courts look to state law to determine the existence of a contract." *Id.* In light of the conflicting contentions of the parties, and in light of the great practical importance of the question, we do

not think that it is appropriate to substitute our judgment on this issue of state law for the judgment of the California Supreme Court. Accordingly, we feel that the California's highest court is the most appropriate forum to address the issue.

## IV.   Administrative Information

Counsel for the parties are as follows:

For Plaintiff-Appellant Retired Employees Association of Orange County, Inc.:

Michael Patrick Brown

Moscone, Emblidge, & Quadra, LLP
220 Montgomery Street, Suite 2100
San Francisco, CA 94109
(415) 362-3599

Rachel Sater

Moscone, Emblidge, & Quadra, LLP
220 Montgomery Street, Suite 2100
San Francisco, CA 94109
(415) 362-3599

Scott Emblidge

Moscone, Emblidge, & Quadra, LLP
220 Montgomery Street, Suite 2100
San Francisco, CA 94109
(415) 362-3599

For Defendant-Appellee County of Orange:

Nicholas S. Chrisos

Office of County Counsel
333 W. Santa Ana Blvd., Suite 407
Santa Ana, CA 92702-1379
(714) 834-3300

Arthur Anthony Hartinger
Meyers Nave Riback Silver & Wilson
555 12th Street, Suite 1500
Oakland, CA 94607
(510) 808-2000

Teri L. Maksoudian

Office of County Counsel
333 W. Santa Ana Blvd., Suite 407
Santa Ana, CA 92702-1379
(714) 834-3300

Neelam Naidu

Meyers Nave Riback Silver & Wilson
555 12th Street, Suite 1500
Oakland, CA 94607
(510) 808-2158

Jennifer L. Nock

Meyers Nave Riback Silver & Wilson
555 12th Street, Suite 1500
Oakland, CA 94607
(510) 808-2000

For Amicus Curiae California Retired County
Employees Association, et al.:

Robert J. Bezemek
Law Offices of Robert J. Bezemek

The Latham Square Building
1611 Telegraph Avenue, Suite 936
Oakland, CA 94612
(510) 763-5690

For Amicus Curiae League of California Cities, et al.:

Jonathan V. Holtzman
Renne Sloan Holtzman Sakai LLP
350 Sansome Street, Suite 300
San Francisco, CA 94104
(415) 678-3800

If the Supreme Court of California accepts this request, Appellants should be deemed the petitioners.

The Clerk shall file this order and ten copies, along with all briefs in this appeal, with the Supreme Court of California; provide certificates of service to the parties; and provide additional record materials if so requested by the Supreme Court of California. *See* Cal. R. Ct. 8.548(c), (d).

IT IS SO ORDERED.