**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SOUTHERN CALIFORNIA
HEALTHCARE SYSTEM, INC., DBA
Southern California Hospital at Culver City,
a California Corporation,

Plaintiff-Appellant,

v.

CITY OF CULVER CITY, a charter
municipality; ALEX FISCH; DANIEL LEE;
YASMINE IMANI MCMORRIN; GORAN
ERIKSSON; ALBERT VERA, in their
official capacities,

Defendants-Appellees,

SEIU UNITED HEALTH WORKERS-
WEST,

Intervenor-Defendant-
Appellee.

No.   22-55166

D.C. No.
2:21-cv-05052-MCS-RAO

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Argued and Submitted December 5, 2022
Pasadena, California

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before:  BERZON, R. NELSON, and BADE, Circuit Judges.

Southern California Healthcare System, doing business as Southern California Hospital at Culver City (SCHCC), sued the City of Culver City (Culver City) and its City Council over its Ordinance requiring SCHCC to pay covered workers an additional $5 per hour for each hour worked on site at a covered location during a three-month period.  The district court granted Culver City's motion to dismiss on all claims.  SCHCC appeals with respect to its National Labor Relations Act (NLRA) preemption claim, Contracts Clause claims under the federal and California constitutions, and Equal Protection claims under the federal and California constitutions.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.      The NLRA does not preempt the Ordinance under *Lodge 76, International Association of Machinists & Aerospace Workers, AFL-CIO v. Wisconsin Employment Relations Commission*, 427 U.S. 132 (1976) (*Machinists* preemption), because the Ordinance does not intrude into the bargaining process. The touchstone of *Machinists* preemption is "whether Congress intended that the conduct involved be unregulated" and "left 'to be controlled by the free play of economic forces.'"  *Id.* at 140 (quoting *NLRB v. Nash-Finch Co.*, 404 U.S. 138, 144 (1971)).   *Machinists* and its progeny underscore "an equitable process for determining terms and conditions of employment" rather than focus on any "particular substantive terms of the bargain that is struck."  *Metro. Life Ins. Co. v.*

2

*Massachusetts*, 471 U.S. 724, 753 (1985).

The Ordinance is a minimum labor standard that sets a limited duration minimum wage and deprives neither side of their economic weapons. "[T]he mere fact that a state statute pertains to matters over which the parties are free to bargain cannot support a claim for pre-emption, for 'there is nothing in the NLRA . . . which expressly forecloses all state regulatory power with respect to those issues . . . that may be the subject of collective bargaining.'" *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 21–22 (1987) (quoting *Malone v. White Motor Corp.*, 435 U.S. 497, 504–05 (1978)). That SCHCC is the only hospital that meets the Ordinance's generally applicable definition does not change this conclusion. *See Associated Builders & Contractors of S. Cal., Inc. v. Nunn*, 356 F.3d 979, 990 (9th Cir. 2004) ("[T]he NLRA does not authorize us to pre-empt minimum labor standards simply because they are applicable only to particular workers in a particular industry.").

2.      The Contracts Clause analysis is identical under the federal and California constitutions. *See Campanelli v. Allstate Life Ins. Co.*, 322 F.3d 1086, 1097 (9th Cir. 2003) (citing *Calfarm Ins. Co. v. Deukmejian*, 771 P.2d 1247, 1262–63 (Cal. 1989)). Courts first consider "whether the state law has, in fact, operated as a substantial impairment of a contractual relationship," *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 244 (1978), with the extent of impairment dependent in part on "whether the industry the complaining party has entered has been regulated

3

in the past," *Energy Rsrvs. Grp., Inc. v. Kan. Power & Light Co.*, 459 U.S. 400, 411 (1983) (internal citations omitted). If there is a substantial impairment, "the inquiry turns to the means and ends of the legislation." *Sveen v. Melin*, 138 S. Ct. 1815, 1822 (2018). The state must then supply "a significant and legitimate public purpose behind the regulation" and show that the regulation is a reasonable and appropriate means of achieving that public purpose. *Energy Rsrvs. Grp.*, 459 U.S. at 411–12.

SCHCC alleged a contractual relationship—its collective bargaining agreements with two unions—and a change in law impairing that relationship but does not allege a substantial impairment. *See Gen. Motors Corp. v. Romein*, 503 U.S. 181, 186 (1992). It operates in an industry where "supervision . . . was extensive and intrusive." *Energy Rsrvs. Grp.*, 459 U.S. at 413–14. And its collective bargaining agreements required compliance with applicable wage and hour laws, indicating that it contemplated the possibility of changes in the law. *See RUI One Corp. v. City of Berkeley*, 371 F.3d 1137, 1150 (9th Cir. 2004). Because the impairment is minimal, we need not consider the second step. *Allied Structural*, 438 U.S. at 245.

3.      The Equal Protection analysis is "substantially the same" under the California and federal constitutions. *Los Angeles County v. S. Cal. Tel. Co.*, 196 P.2d 773, 781 (Cal. 1948). SCHCC proceeds on a "class of one" claim, asserting "that the defendants simply harbor animus against [it] *in particular* and therefore

4

treated [it] arbitrarily." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008). Where state action neither implicates fundamental rights nor suspect classifications, a "class of one" plaintiff must allege that it "has been [1] intentionally [2] treated differently from others similarly situated and [3] that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (enumeration added).

This claim fails because SCHCC did not identify a similarly situated entity. *See SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1123 (9th Cir. 2022). Its complaint alleges that other types of healthcare facilities are similar but does not allege that any of these facilities must accept Covid-19 patients, which is the relevant distinction.

**AFFIRMED.**