NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KAMLESH BANGA,

        Plaintiff-Appellant,

  v.

AMERIPRISE AUTO & HOME
INSURANCE AGENCY; et al.,

        Defendants-Appellees.

No.   22-16957

D.C. No.
2:18-cv-01072-MCE-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted February 10, 2025[**]
San Francisco, California

Before:   FRIEDLAND, BENNETT, and BADE, Circuit Judges.

Plaintiff-Appellant Kamlesh Banga appeals the district court's grant of
summary judgment to Defendants-Appellees, as well as the district court's denial
of Banga's motion for sanctions.  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo the district court's grant of summary judgment. *Ventura Packers, Inc. v. F/V Jeanine Kathleen*, 305 F.3d 913, 916 (9th Cir. 2002). Viewing the evidence in the light most favorable to the nonmoving party (here, Banga), we determine "whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law." *Id.* "We review for an abuse of discretion the district court's denial of a motion for sanctions," *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 819 (9th Cir. 2009) (quotation marks and citation omitted), as well as the district court's decision on whether to take judicial notice, *United States v. Woods*, 335 F.3d 993, 1000-01 (9th Cir. 2003). We affirm.

1. Defendants are entitled to summary judgment because Banga's suit was time-barred. Banga's insurance policy with IDS provided, "Suit must be brought within one year after the loss or damage occurs." Under California law, such limitation provisions are enforceable and apply to all claims grounded in a failure to pay benefits due under the policy. *Prieto v. State Farm Fire & Cas. Co.*, 275 Cal. Rptr. 362, 366 (Cal. Ct. App. 1990), *reh'g denied and opinion modified* (Dec. 28, 1991). The limitations period begins to run at "that point in time when appreciable damage occurs and is or should be known to the insured" and is tolled from the time the insured "gives notice of the damage to his insurer . . . until coverage is denied." *Prudential-LMI Com. Ins. v. Superior Court*, 798 P.2d 1230,

2

1232, 1242 (Cal. 1990); *see also Campanelli v. Allstate Life Ins. Co.*, 322 F.3d 1086, 1094 (9th Cir. 2003).

Here, none of the relevant dates are disputed.[1] It is undisputed that Banga discovered the water damage to her residence on February 5, 2016 and reported the loss to IDS that same day. Thus, the district court properly concluded that the limitations period began on February 5, 2016. *Prudential-LMI Com. Ins.*, 798 P.2d at 1232. The limitations period was tolled between that same day, when Banga gave notice to IDS of that water damage, and April 26, 2016, when IDS closed Banga's insurance claim. *Id.* at 1242. The latest that Banga could have filed suit was therefore April 26, 2017, but Banga did not bring suit in state court until January 18, 2018—long after the limitations period ran. Each of Banga's causes of action—including her claim that she had a right to select her own contractor—was grounded in IDS's purported failure to pay Banga what was owed to her under her insurance policy, so her entire suit is "on the policy" and covered under the limitations period. *See Prieto*, 275 Cal. Rptr. at 366 (defining when a claim is "on the policy" for purposes of determining when a contractual limitations period applies); *Campanelli*, 322 F.3d at 1096-97 (same). Because there is no

---

[1] Banga argues on appeal that the district court should have more expressly ruled on her evidentiary objections. But Banga does not point to any specific objection or evidence that could have changed the conclusion that her suit was untimely, so that argument fails.

genuine dispute that Banga filed her suit after the limitations period ended, the district court did not err in holding that Defendants were entitled to summary judgment.

2.   The district court did not clearly err in finding that there was "no concrete evidence of fraud upon the court or misrepresentations of fact" and therefore did not abuse its discretion in denying Banga's motion for sanctions. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1126-27 (9th Cir. 2002) ("In conducting our review of the district court's factual findings in support of the sanctions, we 'would be justified in concluding that [the court] had abused its discretion in making [the findings] only if [they] were clearly erroneous.'" (alterations in original) (quoting *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 401 (1990))). Banga's accusations that Defendants made various misrepresentations in the district court proceedings are unsupported by the record.

3.   The district court did not abuse its discretion by failing to explicitly rule on Banga's motion for judicial notice.   A court cannot take judicial notice of facts that are subject to reasonable dispute.   Fed. R. Evid. 201(b).   Here, Banga asked the court to take judicial notice of documents whose accuracy is subject to reasonable dispute.   Regardless, any error was harmless because those documents would support Defendants, not Banga, by clarifying Defendants' distinct roles in marketing and underwriting insurance policies.

4

4. Banga's Motion to File Supplemental Excerpts of Record is **DENIED** because the records described in her motion are not necessary for us to consider to resolve the dispositive issue in this case (*i.e.*, the timeliness of Banga's suit). Banga's Motion to File Supplemental Brief Addressing Jurisdictional Defect is **DENIED** as an effort to file an improper merits brief discussing arguments that were not raised in the opening brief. Although framed as a motion to allow for supplemental briefing on a jurisdictional defect, the arguments raised within are not actually jurisdictional. Rather, Banga argues that a district court's failure to adequately review the magistrate judge's recommendations compels reversal on the merits. Even if Banga's motion were not an improper extra brief, her argument is unavailing because the district judge here stated that he "reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis." Moreover, we have now reviewed Banga's challenges to the results of the district court proceedings and have identified no error.

**AFFIRMED.**