[Nos. A100860, A101787. First Dist., Div. Three. July 29, 2004.]

ANNE MARSELIS, Plaintiff and Appellant, v.
ALLSTATE INSURANCE COMPANY, Defendant and Respondent.

[No. A102439. First Dist., Div. Three. July 29, 2004.]

ANNE MARSELIS, Plaintiff and Respondent, v.
ALLSTATE INSURANCE COMPANY, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 2 and 3.

COUNSEL

Delfino Green & Green, William Green; Rhoads Appellate Group and Steven R. Rhoads for Plaintiff and Appellant and for Plaintiff and Respondent.

Robert S. Gerstein and Amy Bach for United Policyholders as Amicus Curiae on behalf of Plaintiff and Appellant and Plaintiff and Respondent.

Sonnenschein Nath & Rosenthal, Michael Barnes, Jeffry Butler and Jonathan Eldan for Defendant and Respondent and for Defendant and Appellant.

Jeffrey J. Fuller for Association of California Insurance Companies as Amicus Curiae on behalf of Defendant and Respondent and Defendant and Appellant.

OPINION

**PARRILLI, J.**— ■ The statute of limitations for actions on insurance claims is equitably tolled from the time the insured notifies the insurer of the claim until coverage is denied. (*Prudential-LMI Com. Insurance v. Superior Court* (1990) 51 Cal.3d 674, 693 [274 Cal.Rptr. 387, 798 P.2d 1230] (*Prudential-LMI*).) In the case before us, an insured contends the tolling rule applies even when a claim is paid, unless the insurer gives the insured an unequivocal written statement that the claim is closed. We reject this effort to extend the rule stated in *Prudential-LMI*. No court has endorsed such an approach, and it would be antithetical to the rationale of the equitable tolling rule.

These related appeals, which we have consolidated, arise from a coverage dispute between Anne Marselis and her homeowner's insurer, Allstate Insurance Company. In the first appeal (A100860), Marselis challenges the trial court's finding that the statute of limitations barred her claim against Allstate. Marselis contends the statute was equitably tolled under the rule established in *Prudential-LMI*. Alternatively, she argues Allstate was equitably estopped from relying on the statute. She further claims the court erred by summarily adjudicating her claim for punitive damages and denying her motion for a new trial.

In the second appeal (A101787), Marselis disputes the trial court's award of attorney fees to Allstate. The third appeal (A102439) is by Allstate, from an order granting Marselis's motion to tax costs.

In the published portion of our opinion, we affirm the judgment in favor of Allstate. In the unpublished portion, we affirm the court's orders on fees and costs.

## DISCUSSION

### 1. *The Statute of Limitations Issue*

We take the facts from the court's statement of decision, which Marselis does not dispute. Marselis correctly notes that her argument on equitable tolling can be resolved without an extended examination of the facts. After the Loma Prieta earthquake on October 17, 1989, Marselis made a claim on which Allstate paid $90,633.75 for structural damage and $1,521 for engineering services. The claim was limited to damage to the roof and chimney of Marselis's house. The payments were made on February 25, 1990 as the result of an agreement Allstate reached with Marselis and her contractor.

Marselis applied to the Small Business Administration (SBA) for a loan in 1990, informing the SBA that her insurance claim had been resolved and she expected no further payments from Allstate. However, after hearing about generous insurance settlements following the Oakland Hills fire in October 1991, Marselis asked Allstate to reopen her file on November 24, 1992. After a court trial limited to the statute of limitations defense, the court concluded the one-year statute of limitations for an action seeking recovery on an insurance claim expired no later than February 25, 1991. (Ins. Code, § 2071 [one-year limitation]; see also Ins. Code, § 2070 [limitation must be included in all fire insurance policies].)

In *Prudential-LMI*, our Supreme Court ruled that the one-year limitations period, which begins running at the "inception of the loss" (Ins. Code, § 2071), is equitably tolled "from the time an insured gives notice of the damage to his insurer, pursuant to applicable policy notice provisions, until coverage is denied." (*Prudential-LMI, supra*, 51 Cal.3d at p. 693.) The reason for the tolling rule is to avoid penalizing the insured for the time consumed by the insurer investigating the claim, while preserving the " 'central idea of the limitation provision [that] an insured will have only 12 months to institute suit.' " (*Ibid.*, quoting *Peloso v. Hartford Fire Insurance Co.* (1970) 56 N.J. 514 [267 A.2d 498, 501–502].)

Marselis argues that since coverage was not denied on her original claim, and she did not receive an unequivocal written statement from Allstate informing her the claim was closed, the statute was tolled even after she received payment on the claim. This reading of *Prudential-LMI* is irreconcilable with the reasons underlying the tolling rule. Since no claim was being investigated by Allstate after it paid Marselis, she was in no sense "penalized" for time consumed by her insurer's investigation. And the "central idea" of the limitations period would disappear entirely if an insured could preserve the right to bring suit for an indefinite period after receiving full payment on her claim.

■ Nothing justifies judicial extension of the equitable tolling rule to create a right to reopen claims that have been paid. Marselis cites no law suggesting the tolling rule applies in her situation. She relies on *Aliberti v. Allstate Ins. Co.* (1999) 74 Cal.App.4th 138 [87 Cal.Rptr.2d 645], but there the court merely reaffirmed the necessity of a written *denial* of a claim. (*Id.* at p. 146.) She also contends her position is supported by *Campanelli v. Allstate Ins. Co.* (C.D.Cal 2000) 85 F.Supp.2d 980 (revd. on other grounds, (9th Cir. 2003) 322 F.3d 1086). There, Allstate did provide written notice that the claim was closed after payment, but the court never indicated such notice was legally required. (*Campanelli v. Allstate Ins. Co., supra,* 85 F.Supp.2d at pp. 981, 984.) It observed: "As a practical matter, the one-year period begins to run from the date the insurer denies coverage or settles the claim." (*Id.* at p. 984.) Marselis fails to convince us that written notice is required to confirm a settlement, as it is for denial of a claim. After settlement, there is no pending claim to which the tolling rule might apply. Here, there was no question of partial settlement; the court noted that Marselis had "represented to the SBA, under threat of civil and criminal penalties, that her claim was no longer pending by April 1990 and she expected no further recovery from Allstate."

■ If an insured is unsatisfied with a settlement, the tolling of the limitations period during the time spent by the insurer investigating the claim provides the insured with ample opportunity to press a further claim. We also note that if an insured has any additional bona fide claims that were not discovered before the expiration of the limitations period governing an initial claim, the right to bring suit is preserved by the delayed discovery rule discussed in *Prudential-LMI.* (*Prudential-LMI, supra,* 51 Cal.3d at pp. 686–687.)

Marselis further contends the trial court erroneously rejected her equitable estoppel argument. However, Marselis fails to identify any conduct by Allstate during the limitation period that might support a finding of estoppel. "[C]onduct by the insurer after the limitation period has run such as failing to cite the limitation provision when it denies the claim, failing to advise the insured of the existence of the limitation provision, or failing to specifically plead the time bar as a defense cannot, as a matter of law, amount to a waiver or estoppel. [Citation.]" (*Prudential-LMI, supra,* 51 Cal.3d at p. 690, fn. 5, italics omitted.) The trial court rejected, on credibility grounds, Marselis's testimony that an Allstate adjuster (who died before her action was filed) told her the February 1990 payments were only partial. The court noted that all the other contemporaneous evidence contradicted the claim of partial payment.

■ Marselis does not contest these findings. Instead, she contends the court erred by ruling that Allstate owed her no duty to inform her of the

statute of limitations or its intent to rely on the statute. However, the court's finding on this point was clearly correct (whether or not the court properly determined that Allstate representatives *did* inform Marselis of the statute in November and December of 1990, a finding Marselis disputes for the first time in her reply brief). Marselis had no earthquake damage claim pending with Allstate for over a year after her original claim was paid. In that circumstance, Allstate could hardly have been expected to advise her of the limitations period for an action on her policy, or of its intent to invoke the statute.

The judgment for Allstate on its statute of limitations defense must be affirmed. Consequently, we need not address Marselis's punitive damages argument. Nor do we separately address her challenge to the denial of her motion for a new trial, because she raises no argument in support of that challenge other than those we have rejected above.

2., 3.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment, the fee award, and the order on the motion to tax costs are affirmed. The parties shall bear their own costs on appeal.

McGuiness, P. J., and Corrigan, J., concurred.

A petition for a rehearing was denied August 20, 2004, and the petition of appellant Anne Marselis for review by the Supreme Court was denied October 20, 2004. Werdegar, J., and Chin, J., did not participate therein.

---

[*]See footnote, *ante*, page 122.