Filed 11/13/15  Wannamaker v. Fire Ins. Exchange CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JOANNA WANNAMAKER, | |
| Plaintiff and Appellant, | E060652 |
| v. | (Super.Ct.No. RIC1212727) |
| FIRE INSURANCE EXCHANGE, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Matthew C. Perantoni, Judge.  Affirmed.

Law Office of Michael W. Garnett and Michael W. Garnett for Plaintiff and Appellant.

Murchison & Cumming, Kenneth H. Moreno, Scott J. Loeding; Greines, Martin, Stein & Richland and Robert A. Olson, for Defendant and Respondent.

1

# I

## INTRODUCTION

Plaintiff Joanna Wannamaker appeals from a summary judgment entered in favor of defendant Fire Insurance Exchange. Plaintiff's residence was insured by Fire Insurance Exchange and suffered fire damage in August 2009. Plaintiff contends she was underpaid $9,848.33. The insurance policy contained a one-year limitations period in the subject insurance policy. This action was filed in August 2012.

On appeal, plaintiff argues the one-year limitations period was tolled until August 30, 2011.[1] Based on our independent review, we hold there were no disputed material facts. As a matter of law, the limitations period began to run in January 2011 and the date to file an action expired one year later in January 2012. An action filed in August 2012 was untimely.

# II

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are undisputed except where noted. Fire Insurance Exchange issued a Protector Plus Homeowners Insurance policy to the Wannamaker family, policy No. 91402-25-50, for a residence in Murrieta, California, for the policy period of May 9, 2009, to May 9, 2010.

---

[1] The appellate record does not include any documentation denying plaintiff's claim on August 30, 2011, although a letter of that date is mentioned in a deposition.

On August 29, 2009, the Wannamaker home sustained fire damage. The Wannamakers reported the loss to Fire Insurance Exchange on that date. Fire Insurance Exchange and the public adjuster, acting on behalf of the Wannamakers, disagreed about the nature, extent, and amount of the claimed losses.

Fire Insurance Exchange paid $241,393.81 to the Wannamakers. Part of the payment was $97,822.66 for damages to the Wannamakers' home, made between September 2009 and December 2010. Part of the payment was $37,263.09 for living expenses for Joanna Wannamaker, made between September 2009 and November 2010. Fire Insurance Exchange paid a total of $106,308.06 for damages related to contents or personal property losses. Plaintiff claims $4,000 was a deposit for a substitute rental residence, and incorrectly included by Fire Insurance Exchange in the "Contents" total.

Plaintiff contends the insurance payments did not settle the entire claim because there was no agreement as to the actual cash value of the personal property and Fire Insurance Exchange refused to pay the replacement cost for the personal property. On September 2, 2009, Fire Insurance Exchange paid the Wannamakers $3,843.44 "for the damage to your contents." The letter explains that the policy "provides for replacement cost settlement on certain property" but "until you repair or replace the damaged property the loss will be paid at its Actual Cash Value, subject to coverage limits and the policy deductible."

On January 24, 2011, Fire Insurance Exchange made a final payment of $34,975.12 to the Wannamakers for contents and personal property after receiving a total loss inventory from the Wannamakers' public adjuster. The accompanying letter stated, "I am closing your file at this time." Plaintiff disagrees this language signified "the file was actually being closed or that the claim was in any fashion concluded" or that the payment was final.

The subject policy contained the following conditions: "'12. Suit Against Us. We may not be sued unless there has been full compliance with all the terms of this policy. Suit on or arising out of this policy must be brought within one year after the loss occurs.'" Additionally, it contained the following: "'Endorsement Amending Replacement Cost Coverage and Loss Settlement Conditions. Loss to property not repaired or replaced will be settled at actual cash value. If you repair or replace the damaged personal property, you have 12 months from the time we make the first payment toward actual cash value to make a claim for any additional payment for loss or damage on a replacement cost basis. Additional extensions of six months shall be provided if good cause can be shown.'"

On August 29, 2011, the public adjuster wrote to Fire Insurance Exchange: "Pursuant [to] our telephone conversation of August 24th 2011, you stated that any further consideration for Recoverable Depreciation of personal property is denied . . . .

[¶] We are requesting that you provide a written denial and your reasons for said denial immediately."

In opposing the summary judgment motion, plaintiff supplied what she characterized as additional disputed facts. In actuality, plaintiff's facts are either not disputed or are legal assertions. It is not disputed that, on August 13, 2010, Fire Insurance Exchange granted a two-month written extension to submit the replacement cost claim. It is also well-documented in written correspondence that Fire Insurance Exchange gave plaintiff written notice of the policy's one-year limitation period in its letters of September 2, 2009, and August 13, 2010. Plaintiff makes the legal argument that the replacement cost claim submitted to Fire Insurance Exchange on November 1, 2010, was timely, even if the one-year time limitation applied. Plaintiff also identifies legal questions about whether plaintiff's action was timely filed in August 2012; whether Fire Insurance Exchange acted in bad faith by making misrepresentations, which plaintiff reasonably relied on to her detriment; whether Fire Insurance Exchange unreasonably delayed the settlement of the claim; whether Fire Insurance Exchange acted in bad faith by denying the claim for replacement cost benefits; and whether Fire Insurance Exchange acted in bad faith by not informing plaintiff of the policy limitation for replacement cost benefits.

Plaintiff filed her lawsuit in August 2012, three years after the date of loss and more than one year after the final insurance payment made on January 24, 2011. The

first amended complaint alleges one cause of action for breach of contract and one cause of action for breach of the covenant of good faith and fair dealing.

III

DISCUSSION

We independently review a decision granting or denying a motion for summary judgment. (*Guz v. Bechtel National, Inc*. (2000) 24 Cal.4th 317, 335; *Lawrence v. Western Mutual Ins. Co.* (1988) 204 Cal.App.3d 565, 571.) A defendant is entitled to summary judgment as a matter of law if there is no triable fact as a matter of law. (Code Civ. Proc., § 437c, subds. (c) and (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850; *Lawrence,* at p. 571.) When an insured does not file a lawsuit within an insurance policy's contractual limitation period, it is a complete defense and the trial court may grant summary judgment. (*Singh v. Allstate Ins. Co.* (1998) 63 Cal.App.4th 135, 148; *Lawrence,* at p. 471.)

A one- or two-year limitation period is acceptable under California law. (Ins. Code, § 2071; *C & H Foods Co. v. Hartford Ins. Co.* (1984) 163 Cal.App.3d 1055, 1064; *Lawrence v. Western Mutual Ins. Co., supra,* 204 Cal.App.3d at p. 571; *Abari v. State Farm Fire & Casualty Co.* (1988) 205 Cal.App.3d 530, 536; *Prieto v. State Farm Fire & Casualty Co.* (1990) 225 Cal.App.3d 1188, 1192-1193.) The limitation period begins to run when the loss occurs or is discovered. (*Lawrence,* at p. 573; *Abari,* at p. 535.) The

6

limitation period is equitably tolled while the claim is being adjusted. (*Prudential-LMI Com. Insurance v. Superior Court* (1990) 51 Cal.3d 674, 678.)

Here the loss occurred in August 2009 and was under adjustment until January 2011, when the claim was finally paid and the tolling period ended. If plaintiff was dissatisfied with the amount paid, her suit had to be commenced within one year of January 2011. (*Marselis v. Allstate Ins. Co.* (2004) 121 Cal.App.4th 122, 126.) Therefore, plaintiff's claim, filed in August 2012, is time-barred. (*Lawrence v. Western Mutual Ins. Co., supra,* 204 Cal.App.3d at p. 574; *C & H Foods Co. v. Hartford Ins. Co., supra,* 163 Cal.App.3d at p. 1064.)

Plaintiff's primary argument is that the letter of January 24, 2011, did not represent a clear denial of her claim for the replacement of her personal property or a final payment. However, the letter clearly states that "until you repair or replace the damaged property the loss will be paid at its Actual Cash Value." The letter includes payment for $34,975.12 and advises that the insured has one year to bring a lawsuit against Fire Insurance Exchange. Finally, the letter also states, "I am closing your file at this time."

The letter may be somewhat inartful in suggesting that "additional information" and "supporting documentation" could apply to the claim. However, even if the claim were to be reconsidered, case law has held that, once a claim has been closed, reconsideration of the claim does not serve to reinstate tolling: "Once an insurer has

7

unequivocally denied a claim, there is no justification for further tolling. Thus, the insured's request for reconsideration of the claim will not extend the time to sue." (*Doheny Park Terrace Homeowners Assn., Inc. v. Truck Ins. Exchange* (2005) 132 Cal.App.4th 1076, 1088; *Ashou v. Liberty Mutual Fire Ins. Co.* (2006) 138 Cal.App.4th 748, 758-760.) "Rather, this evidence suggests that respondent was willing to reconsider its denial upon receipt of further pertinent information. A statement of willingness to reconsider does not render a denial equivocal. (*Singh v. Allstate Ins. Co.* (1998) 63 Cal.App.4th 135, 147-148.) Nor does the failure to use the words deny or denial render a denial equivocal. (*Id.* at p. 147.)" (*Migliore v. Mid-Century Ins. Co.* (2002) 97 Cal.App.4th 592, 605.)

As was explained in *Singh v. Allstate Ins. Co., supra.* 63 Cal.App.4th at pages 138 and 148, "the court considered whether the equitable tolling period applied to an insurer's decision to reconsider a previous unequivocal written denial of its insured's claim. The plaintiffs' claim in *Singh* was held to have been unequivocally denied when the insurer sent a letter denying the claim, which stated the reasons for the denial and informed the insured of the one-year limitations period. (*Id.* at pp. 138, 148.)" (*Aliberti v. Allstate Ins. Co.* (1999) 74 Cal.App.4th 138, 147.)

In the present case, Fire Insurance Exchange paid more than $240,000 but refused to pay an additional $10,000 for replacement value greater than actual cash value. The letter of January 24, 2011, paid the balance of what the company agreed was owing, not

including the replacement value of $10,000. Although the letter is not framed as a "denial" because most of the claim was paid, it obviously advised that the adjustment period was over and plaintiff had one year to file suit for the additional $10,000. Even if plaintiff had supplied additional information, which she did not, the one-year period would not have been tolled.

## IV

## DISPOSITION

There are no disputed material facts about whether the lawsuit against Fire Insurance Exchange was filed after the policy's one-year limitations period had expired. We affirm the judgment.

Respondent, the prevailing party, shall recover its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

9