NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LENNOX CARWASH, INC., a Delaware
corporation,

Plaintiff - Appellant,

v.

AMCO INSURANCE COMPANY,

Defendant - Appellee.

No. 24-1975

D.C. No.
2:23-cv-03746-RGK-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted May 21, 2025
Pasadena, California

Before: GRABER, WARDLAW, and JOHNSTONE, Circuit Judges.

Plaintiff Lennox Carwash, Inc., timely appeals from the summary judgment

entered in favor of Defendant AMCO Insurance Company. Reviewing de novo,

Barton v. Off. of Navajo, 125 F.4th 978, 982 (9th Cir. 2025), we affirm.

1. Plaintiff's breach-of-contract claim is premised on AMCO's refusal to

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

cover losses that Plaintiff experienced in (a) December 2018 ("2018 loss") and (b) September 2019 ("2019 loss").

1.a.  The insurance policy requires any action against AMCO to be brought "within 1 year after . . . the direct physical loss or damage occurred."  Under California law, such clauses are "equitably tolled from the time the insured notifies the insurer of the claim," Marselis v. Allstate Ins. Co., 16 Cal. Rptr. 3d 668, 669 (Ct. App. 2004), until the insured receives notice from the "[insurer] that coverage was denied," Prudential-LMI Com. Ins. v. Superior Ct., 798 P.2d 1230, 1242 (Cal.), as modified (Dec. 13, 1990).  The record evidence gives rise to a rebuttable presumption that the coverage-denial letter that AMCO sent on February 24, 2022, was "received in the ordinary course of mail."  Cal. Evid. Code § 641.  By contrast, the record does not contain sufficient rebuttal evidence.  See Colleen M. v. Fertility & Surgical Assocs. of Thousand Oaks, 34 Cal. Rptr. 3d 439, 448 (Ct. App. 2005) ("Without at least some evidence of the mail handling and routing procedures in the office the fact the attorney was never aware of the documents does not rebut the presumption they were received.").  Therefore, we must assume that the denial letter was delivered by—and the tolling period ended on—March 1, 2022.  See id. (discussing the effect of the presumption); Dandino, Inc. v. U.S. Dep't of Transp., 729 F.3d 917, 921 (9th Cir. 2013) (calculating presumptive delivery dates); 39 C.F.R. § 121, App. A (2021) (providing delivery estimates).  And Plaintiff did not

initiate this action until April 13, 2023, well over a year later. Consequently, Plaintiff's breach-of-contract claim is, as to the 2018 loss, untimely as a matter of law.

1.b. The policy also required Plaintiff to "[c]ooperate with [AMCO] in the investigation or settlement of [a] claim." In California, an insurer can defend against a breach-of-contract claim by asserting that the insured breached a cooperation clause in the insurance contract if the insurer was substantially prejudiced thereby. Brizuela v. CalFarm Ins. Co., 10 Cal. Rptr. 3d 661, 670 (Ct. App. 2004). Uncontested evidence shows that, on several occasions, AMCO asked Plaintiff for documentation and information pertaining to the 2019 loss. But nothing in the record suggests that Plaintiff ever followed up with any of the relevant material. AMCO has thus established substantial prejudice as a matter of law. See Am. Int'l Specialty Lines Ins. Co. v. Cont'l Cas. Ins. Co., 49 Cal. Rptr. 3d 1, 18 (Ct. App. 2006) (noting that cooperation clauses serve to allow an insurer to "secure all the information material to its rights and obligations"); Bainbridge, Inc. v. CalFarm Ins. Co., No. D042362, 2004 WL 2650892, at *3 (Cal. Ct. App. Nov. 22, 2004) (explaining that an insurer is substantially prejudiced when it does not receive the information needed to process the claim or "to determine the

amount of the loss").[1]

2.  Given our decision regarding Plaintiff's breach-of-contract claim, AMCO is entitled to summary judgment on Plaintiff's claim for breach of the implied covenant of good faith and fair dealing.  See Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1034 (9th Cir. 2008) ("California law is clear, that without a breach of the insurance contract, there can be no breach of the implied covenant of good faith and fair dealing."); Brizuela, 10 Cal. Rptr. 3d at 672–74 (discussing possible exceptions to that rule not relevant here).

3.  As Plaintiff acknowledges, Plaintiff's claims for declaratory relief and for punitive damages must fall with its breach-of-contract and bad-faith claims.  See Opening Br. at 40 ("To the extent [t]his Court reverses the order below as to . . . the breach of contract claim, Lennox is entitled to a reversal of the summary judgment order as to the judicial declaration . . . ."); id. at 41 ("[T]o the extent this Court reinstates the bad faith claim, Lennox is also entitled to a reversal of the summary judgment order as to punitive damages.").

**AFFIRMED.**

---

[1] Because our conclusions regarding timeliness and cooperation are dispositive of Plaintiff's breach-of-contract claim, we do not resolve issues pertaining to the insurance policy's other provisions.